**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Danny GUAJARDO, Appellee.**

No. 14–96–01099–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 26, 1998.

Stacey Zipp, Houston, for appellant.

Stanley McGee, Angelton, for appellee.

Before YATES, EDELMAN and O'NEILL, JJ.

## OPINION

EDELMAN, Justice.

In this driver's license suspension case, the Texas Department of Public Safety ("DPS") appeals a judgment granted in favor of Danny Guajardo on the grounds that: (1) the administrative record was not admitted into evidence; (2) DPS did not have the burden to show that the arresting officer filed an administrative license revocation ("ALR") report within five business days of the arrest; (3) the finding that the arresting officer had reasonable suspicion to stop Guajardo was supported by substantial evidence; (4) DPS' exhibit Nos. 1 and 2 were properly admitted into evidence; and (5) DPS complied with section 159.25 of the Texas Administrative Code. We reverse and render judgment reinstating the license revocation.

## Background

On March 2, 1996, a DPS trooper stopped Guajardo for a traffic violation, noticed Guajardo to be unsteady on his feet and smelling of alcohol, and conducted field sobriety tests. Based on the tests, the trooper arrested Guajardo and gave him the statutory warnings.[1] Because Guajardo declined the officer's request to give a breath specimen, he was served with a notice of license suspension. Following a hearing, the administrative law judge ("ALJ") ordered Guajardo's driver's license suspended for 90 days. Guajardo appealed that decision to the County Court at Law, which set aside the order of suspension.[2] DPS appeals the judgment of the County Court.

## Standard of Review

Chapters 524 and 724 of the Texas Transportation Code apply, among other things, to administrative suspensions of drivers' licenses of persons arrested for driving while intoxicated. *See* TEX. TRANSP. CODE ANN. §§ 524.001–.051, 724.001–.064 (Vernon 1998). Generally, Chapter 524 applies where a person arrested submits to the taking of a blood or breath specimen, whereas Chapter 724 applies where such a person declines to do so. *See id.* However, Chapter 524 also governs an appeal from an administrative hearing under Chapter 724 suspending the issuance of a license. *See id.* § 724.047. Chapter 159 of the Texas Administrative Code also applies to hearings concerning administrative suspension of drivers' licenses, and the Administrative Procedure Act[3] applies to such proceedings to the extent consistent with chapters 524 and 159. *See* 1 TEX. ADMIN. CODE § 159.1(a), (c) (West 1997); TEX. TRANSP. CODE ANN. § 524.002(b).

On appeal of an administrative drivers' license suspension to county court, review is based on the substantial evidence rule. *See* 1 TEX. ADMIN. CODE § 159.37(d) (West 1997). In reviewing a decision under the substantial evidence rule, a court may not substitute its judgment for that of the state agency on the weight of the evidence. *See* TEX. GOV'T CODE ANN. § 2001.174 (Vernon 1998). The court should reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (A) in violation of a constitutional or statutory provision; (B) in excess of the agency's statutory authority; (C) made through unlawful procedure; (D) affected by other error of law; (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (F) arbitrary or capricious or characterized by abuse

---

1. *See* TEX.TRANSP.CODE ANN. § 724.015 (Vernon 1996).

2. In a letter to counsel dated five days before the judgment, the County Court Judge stated that the ruling of the ALJ was being reversed due to a failure to show compliance with section 524.011(a)(2)(A) of the Texas Transportation Code. However, the County Court's judgment stated no basis for setting aside the suspension.

3. The Administrative Procedure Act is Chapter 2001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 2001.002 (Vernon 1998).

of discretion or clearly unwarranted exercise of discretion. *See id.* § 2001.174(2).

Where there is substantial evidence which would support either affirmative or negative findings, the administrative order must stand, notwithstanding that the agency may have struck a balance with which the reviewing court might differ. *See Firemen's and Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). The issue for the reviewing court is not whether the agency reached the correct conclusion, but whether there is some reasonable basis in the record for the action taken by the agency. *See Railroad Comm'n v. Torch Operating Co.,* 912 S.W.2d 790, 792 (Tex.1995). Substantial evidence requires only more than a mere scintilla, and may even preponderate against the decision of the agency. *See id.* at 792–93.

### Failure to Admit Administrative Record

The first of DPS' five points of error argues that, because the administrative record was not admitted into evidence, the County Court could not review the evidence and reverse the ALJ decision.

In an appeal under the substantial evidence rule, the party seeking judicial review shall offer, and the reviewing court shall admit, the state agency record into evidence. *See* TEX. GOV'T CODE ANN. § 2001.175(d) (Vernon 1998). Admission of the administrative record into evidence is required and must be shown by the court reporter's certificate or other evidence. *See Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency,* 917 S.W.2d 773, 776 (Tex.1996). However, where neither party offers the record of an administrative hearing into evidence, but the record has been filed with the district court

4. References to statutes are to the version in effect at the time of the events to which the statute applies.

5. Under sections 524.011 and 724.032 of the Texas Transportation Code, a peace officer who serves a notice of license suspension is required to forward a copy of the notice to DPS not later than the fifth business day after the date of the arrest. Section 524.011 provides, in part:

> If a person arrested for an offense ... submits to the taking of a specimen breath or blood

clerk and the statement of facts and court order leave no doubt that both parties relied on the record in their arguments and that the court based its decision on the record, the appeals court should treat the record as if it had been admitted into evidence. *See Texas Health Enter., Inc. v. Texas Dep't of Human Services,* 949 S.W.2d 313, 313–14 (Tex.1997).

In this case, a certified copy of the administrative record was filed with the Clerk of the County Court, and DPS did not object in the County Court to Guajardo's failure to admit the administrative record into evidence. Instead, both parties' contentions were based on the materials in the administrative record, and both sides and the court proceeded as if the record was in evidence. We therefore treat the record as if it had been admitted into evidence and overrule DPS' first point of error.

### Timely Filing of Suspension Notice

DPS' second point of error argues that the County Court erred by reversing the ALJ decision because: (1) DPS did not have the burden to prove that the arresting officer filed an ALR report within five business days of the arrest; (2) the five day requirement is directory rather than mandatory; and (3) Guajardo did not preserve error on DPS' failure to make such a showing.

An arresting officer must send a copy of a driver's license suspension notice to DPS not later than the fifth business day after the date of arrest. *See* TEX. TRANSP. CODE ANN. §§ 524.011(a)(2) (Vernon 1996),[4] 724.032(c) (Vernon 1998). After quoting the portion of section 524.011 containing the five-day requirement,[5] Guajardo's brief to the County Court asserted:

> sample and an analysis of the specimen shows the person had an alcohol concentration of a level specified by ... [the] Penal Code, the arresting officer shall: ... send to [DPS] not later than the fifth business day after the date of the arrest: (A) a copy of the driver's license suspension notice; and (B) a sworn report of information relevant to the arrest.

TEX.TRANSP.CODE ANN. § 524.011(a)(2) (Vernon 1996). Section 724.032 provides, in part:

> (a) If a person refuses to submit to the taking of a specimen ...

The Notice of Suspension was served on [Guajardo] on March 2, 1996. The arresting officer prepared a Probable Cause Affidavit on March 5, 1996, and presented same to the Texas Department of Public Safety on March 8, 1996. The arresting officer presented the Notice of Suspension to [DPS] on March 8, 1996. Pursuant to TEX.TRANSP.CODE ANN. § 524.011 and 724.032 (Vernon 1996), the deadline for presentation of the Probable Cause Affidavit and the Notice of Suspension was on March 7, 1996.

Therefore, the decision of the Administrative Law Judge, State Office of Administrative Hearings, should be reversed and the Order of Suspension rendered null and void.

■ This court has recently held that the five-day requirement in section 724.032(c) is directory rather than mandatory. *See Texas Dep't of Public Safety v. Repschleger*, 951 S.W.2d 932, 934-35 (Tex.App.—Houston [14th Dist.] 1997, no writ). Because the requirement is only directory, a failure to comply with it would not have rendered the license suspension void. *See, e.g., Suburban Util. Corp. v. Public Util. Com.*, 652 S.W.2d 358, 362 (Tex.1983).

■ In addition, by failing to raise the alleged non-compliance with the five-day rule in the administrative record, Guajardo failed to preserve any complaint on it for appeal to the County Court. *See* TEX.R.APP. P. 52(a); *Texas Dep't of Pub. Safety v. Bond*, 955 S.W.2d 441, 448 (Tex.App.—Fort Worth 1997, no writ). Moreover, the uncontroverted testimony of the arresting officer at the administrative hearing established that Guajardo was arrested on March 2, 1996, and Guajardo acknowledged in his brief to the County Court that he was served that day with the notice of suspension. Because

(c) The officer shall forward to the department a copy of the notice of suspension or denial and the refusal report not later than the fifth business day after the date of the arrest. TEX.TRANSP.CODE ANN. § 724.032(a), (c) (Vernon 1998). In this case, because Guajardo *refused* to submit a blood or breath specimen, the notice of suspension was issued pursuant to section 724.032 rather than section 524.011. The County Court's letter thus incorrectly stated that the ALJ ruling was reversed due to failure to show

March 2, 1996 was a Saturday,[6] the first business day thereafter was Monday, March 4, and the fifth business day thereafter was Friday, March 8. Guajardo acknowledged in his County Court brief that the arresting officer presented the notice of suspension to DPS on March 8. Therefore, as DPS pointed out to the County Court, the five day requirement was satisfied and was not a proper ground for setting aside the suspension.

## Reasonable Suspicion

DPS' third point of error argues that the reviewing court erred when it reversed the decision of the administrative court because the ALJ's finding that the arresting officer had reasonable suspicion to stop Guajardo was supported by substantial evidence.

One of the issues at an administrative license suspension hearing is whether reasonable suspicion existed to stop the driver whose license is sought to be suspended. *See* TEX.TRANSP.CODE ANN. § 724.042(1) (Vernon 1998). In this case, the findings of fact of the ALJ stated that a reasonable suspicion to stop Guajardo existed in that Trooper Holtz observed him illegally parked on the roadway.

Section 545.301 of the Texas Transportation Code provides:

(a) An operator may not stop, park, or leave standing an attended or unattended vehicle on the main traveled part of a *highway* outside a business or residence district unless:

(1) stopping, parking, or leaving the vehicle off the main traveled part of the highway is not practicable;

(2) a width of highway beside the vehicle is unobstructed and open for the passage of other vehicles; *and*

compliance with section 524.011. However, as discussed below, this discrepancy is not material to our disposition of this appeal because we sustain DPS' points of error for other reasons.

6. We take judicial notice of the calendar for 1996. *See* TEX.R. CIV. EVID. 201(b); *Browning v. Johnson*, 729 S.W.2d 331, 335 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

(3) the vehicle is in clear view for at least 200 feet in each direction on the highway.

*Id.* § 545.301(a) (emphasis added).

In his brief to the County Court, Guajardo argued that Officer Holtz had no articulable cause or suspicion to stop him for a traffic violation because (1) the road on which his vehicle was stopped was a county road, not a highway; (2) the roadway beside his vehicle was unobstructed, as demonstrated by Holtz twice passing the vehicle while it was parked; and (3) Holtz had no articulable suspicion Guajardo was operating a vehicle while intoxicated before stopping him. At the hearing in the County Court, Guajardo further asserted that the State was required to make a showing that the exception set forth in section 545.301 was negated by the officer prior to making the stop.

■■■ The reasonableness of a temporary detention is examined in terms of the totality of the circumstances and will be justified when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity. *See Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App.1997).[7]

■■■ In his briefs to the County Court and this court Guajardo cited no authority to support the position that a county road is not a highway within the meaning of section 545.301. For purposes of Subtitle C of the Transportation Code, which includes section 545.301, "highway or street" means the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular travel. *See* TEX. TRANSP.CODE ANN. § 541.302(5) (Vernon 1998).[8] Finding no case law interpreting "highway" to exclude county roads in this context, and perceiving no policy argument favoring such a narrow interpretation, we conclude that reasonable suspicion was not lacking in this case because the "highway" on which Guajardo's vehicle was parked was a county road.

■■■ As to the applicability of the exception to parking on a highway under section 545.301, Officer Holtz testified that (i) Guajardo's vehicle was parked in front of a club in the middle of one of the two traffic lanes on the two-lane road; (ii) the location was not in a business or residence district; and (iii) as Holtz pulled up behind Guajardo, Guajardo pulled his vehicle into the driveway of the club. This evidence supports a reasonable suspicion not only that Guajardo was illegally parked but also that the exception therefor did not apply because stopping, parking, or leaving the vehicle off the main traveled part of the highway was not impracticable. Therefore, Guajardo did not afford the County Court a sufficient basis to reverse his license suspension for lack of reasonable suspicion.

### Admission of Exhibits

DPS' fourth point of error argues that the reviewing court erred in reversing the decision of the ALJ who properly admitted the DPS' exhibit numbers 1 and 2 pursuant to Rules 902(4) and 1005 of the Texas Rules of Civil Evidence.

In the administrative hearing, Guajardo objected to the two exhibits offered by DPS, in part, because "the certificate that is at-

---

7. In evaluating reasonable suspicion, an officer is presumed to know the statutory requirements of the offense he is enforcing. *See United States v. Hernandez*, 55 F.3d 443, 446–47 (9th Cir.1995) (finding no reasonable suspicion of illegally parking on highway where location was not "outside business or residential district" as required by statute); *Doctor v. State*, 596 So.2d 442, 447 (Fla.1992).

8. Similarly, definitions of that term in other chapters of the Transportation Code also define it broadly enough to encompass county roads. *Compare* TEX. TRANSP. CODE ANN. §§ 366.003(7) (Vernon 1998) (" 'Highway' means a road, high-

way, farm-to-market road, or street under the supervision of the state or a political subdivision of the state."); 472.021(d)(2) (" 'Highway' means the entire width between the boundary lines of a publicly maintained way, any part of which is open to the public for vehicular travel ...."); and 601.002(4) (similar to 472.021(d)) *with* 545.352(d)(1) (" 'Interstate Highway' means a segment of the national system of interstate and defense highways that is (A) located in this state; (B) officially designated by the Texas Transportation Commission; and (C) approved under Title 23, United States Code.")

tached purporting to make the documents admissible does not comply with either Rule 902 or Rule 1005 of the Rules of Criminal Evidence." When asked in what way the documents did not comply, his counsel replied, "Doesn't state that the document has been compared."[9] The first point of error in Guajardo's County Court brief also asserted that the exhibits were not certified or authenticated in accordance with Texas Rules of Civil Evidence 901, 902 and 1005. However, because that brief did not specify the manner in which the exhibits failed to comply with those rules,[10] the point of error presented nothing for the County Court's review. In addition to repeating the contention from his county court brief, Guajardo's brief to this court states that DPS "produced no evidence to authenticate any of the documents introduced into evidence."

■ Rule 901(a) and (b)(7) of the Texas Rules of Civil Evidence[11] provides that the authentication requirement is met with respect to public records or reports by:

Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

See Tex.R. Civ. Evid. 901(a), (b)(7). Rule 902(4) of the Texas Rules of Civil Evidence provides that extrinsic evidence of authenticity is not required with respect to certified copies of public records shown by:

A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification. . . .

Tex.R. Civ. Evid. 902(4). As to proof of the contents of a writing, apart from its authentication, Rule 1005 of the Texas Rules of Civil Evidence provides that:

The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original.

Tex.R. Civ. Evid. 1005.

In this case, on the back of each of DPS' two exhibits was the following:

TEXAS DEPARTMENT OF PUBLIC SAFETY
TRAVIS COUNTY, TEXAS

This day, *04–01–96*, [handwritten] I certify that the document which bears this certificate is a full, true and correct copy of the official record or report or entry currently on file with the Texas Department of Public Safety in Travis County, Texas.

Virginia A Talley, Custodian of Records
Driver Improvement and Control Service
Texas Department of Public Safety
Attested to and executed by
[*signature*]
Carmen R. Cass, Authorized Deputy Custodian

---

**9.** This presumably refers to the language of Rule 1005 which states that the contents of an official record may be proved by copy, certified as correct in accordance with Rule 902 *or* testified to be correct by a witness "who has compared it with the original." *See* Tex.R. Civ. Evid. 1005. Because the exhibits in this case were authenticated in accordance with Rule 902(4), the portion of Rule 1005 apparently referred to in Guajardo's objection did not apply.

**10.** After reproducing the text of rules 901, 1005 and 902, the first point of error concludes:

Nothing in Tex.R. Civ. Evid. 901 or 1005 permits the authentication or identification of public records and reports without certification and authentication that meets the require-

ments of . . . Tex.R. Civ. Evid. 902. Therefore, to authenticate public records or reports under Tex.R. Civ. Evid. 901 or 1005, [DPS] was require by statute to produce evidence sufficient to support a finding that the documents admitted into evidence were authorized by law to be recorded or filed in a public office or that it was a public record from the public office where items of this nature are kept. . . .

Therefore, the [ALJ] erred in admitting the documents into evidence.

**11.** The parties acknowledge that the civil rules of evidence applied to this proceeding. *See* 1 Tex Admin. Code § 159.23(b) (West 1997).

The foregoing certification meets the requirement of rule 902(4) and thus the requirements of rules 901 and 1005. Therefore, Guajardo demonstrated no error with regard to the admission of DPS' exhibits under those rules.

### Timely Filing of Evidence

DPS' fifth point of error argues that the county court erred in reversing the decision of the ALJ because the ALJ correctly held that DPS had complied with section 159.25(c) of the Texas Administrative Code which provides:

> To be offered in a telephone hearing, tangible/documentary evidence must be marked and filed with the office and all parties at least five days prior to the scheduled hearing, but in no event later than two days prior to the scheduled hearing, unless otherwise agreed by the parties.

1 TEX. ADMIN. CODE § 159.25(c) (West 1997).

During the administrative hearing, the following exchange took place:

> MS PATTON: [12] At this time, Your Honor, we would like to offer to the court for evidence what has been marked as Department's Exhibit Number 1, which is the DIC–23, Probable Cause Affidavit, and Department's Exhibit Number 2, which is the DIC–24, Police Officer DWI Statutory Warning.
>
> (The documents referred to were marked for identification as Department's Exhibits 1 and 2.)
>
> JUDGE BEELER: Mr. McGee did you receive copies of these?
>
> MR. McGEE: Well, Your Honor, I object based on—
>
> JUDGE BEELER: First of all, did you receive copies of them?
>
> MR. McGEE: Yes.
>
> JUDGE BEELER: Okay. Go ahead, now.
>
> MR. McGEE: SOAH [State Office of Administrative Hearings] rule 159.25, subsection c, requires that the documents be filed with the office and all parties at least five days prior to this hearing.

And I have no notice that the documents were filed with the office of the Department—or with the State Office of Administrative Hearings because there is no certificate that they were so filed.

> JUDGE BEELER: Okay. I am looking at the Court's file. I believe it shows them received in our file on April 2. So that objection is overruled.
>
> MR. McGEE: I object because the certificate that is attached purporting to make the documents admissible does not comply with either Rule 902 or Rule 1005 of the Rules of Criminal Evidence.
>
> JUDGE BEELER: Okay. In what way?
>
> MR. McGEE: Doesn't state that the document has been compared.
>
> JUDGE BEELER: Let me read the certificate.... That objection is overruled.
>
> MR. McGEE: I will object to the documents because they are hearsay.
>
> JUDGE BEELER: That is overruled. Any other objections?
>
> MR. McGEE: Well, I am thinking. No.
>
> JUDGE BEELER: Okay. DPS 1 and 2 are admitted.

In his brief to the County Court, Guajardo argued that the ALJ erred in admitting DPS' two exhibits because:

> There is no evidence presented that shows that the documentary evidence introduced at the hearing [was] filed with the office and all parties at least five days prior to this hearing. The [ALJ] states that the documentary evidence was received by his office on April 2, 1996, and overrules the objection made by the undersigned counsel. However, there is no certificate that the documentary evidence was filed or served upon all other parties to this matter, including DANNY GUAJARDO, by and through his attorney of record.

▇ The administrative record reflects that the administrative hearing was held telephonically on April 16, 1996 and, as noted by the ALJ and Guajardo's brief, DPS' exhibits were filed with the Administrative Hearings Office on April 2. Because, at the hearing, Guajardo admitted receiving the exhibits and

---

12. Ms. Patton represented DPS at the hearing.

made no objection to them based on any lack of a certificate or documentary evidence showing the date of filing or service, he preserved no objection on that ground for appellate consideration. *See* TEX.R. CIV. EVID. 103(a)(1); TEX.R.APP. P. 52(a).[13] Under these circumstances, he demonstrated no basis for reversal of his license suspension for lack of compliance with section 159.25(c).

Because Guajardo presented no adequate basis for the County Court to set aside Guajardo's license suspension, we reverse the judgment of the County Court and order the license suspension reinstated.

---

13. Because this appeal was perfected before September 1, 1997, it is governed by the Texas Rules of Appellate Procedure in effect before that date.