Reversed and Rendered and Memorandum
Opinion filed May 11, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00010-CV



Texas
Department of Public Safety,
Appellant 

v.

Chad Michael
Henson, Appellee 



On Appeal from
the County Court at Law No. 2 and Probate Court

Brazoria County, Texas

Trial Court
Cause No. CI041015



 

M E M O R A N D U M     O P I N I O N


This appeal arises from a county court at law’s order
reinstating appellee’s, Chad Michael Henson, driver’s license.  Henson, a
minor, was stopped for traffic violations and arrested for driving while
intoxicated.  He refused to provide a breath sample.  As a result of this
refusal, his driver’s license was suspended.  An administrative law judge
(“ALJ”) subsequently upheld the suspension.  When Henson challenged the ALJ’s
decision in the county court at law, the court vacated the ALJ’s suspension
order.  Appellant, the Texas Department of Public Safety (“DPS”), now
challenges the county court at law’s order reversing the ALJ’s decision.   In
three related issues, the DPS contends that the county court at law’s order
should be reversed because:  (1) the DPS complied with sections 724.032 and
724.042 of the Texas Transportation Code[1]
and (2) Henson’s refusal to submit a specimen was voluntary.  We reverse the
county court at law’s order and render judgment affirming the order of the ALJ.

I.  BACKGROUND

On December 2, 2007, DPS Trooper Ryan Sollock stopped
Henson for traffic violations.  During the traffic stop, Trooper Sollock observed
a strong odor of alcohol on Henson’s breath and conducted three field sobriety
tests:  the horizontal gaze nystagmus test, the walk-and-turn test, and the
one-leg-stand test.  After Henson performed poorly on the sobriety tests,
Trooper Sollock gave Henson his DIC-24 statutory warnings and requested that Henson
submit to an alcohol concentration test.  Henson refused.  Trooper Sollock gave
Henson a DIC-25 notice of license suspension for refusing to submit a breath
sample.  Henson was arrested, and his license was administratively suspended
for 180 days.

A.  Administrative Hearing

Henson appealed the notice of suspension and
requested a hearing under section 724.041 of the Transportation Code.[2]  At the administrative
hearing, Henson focused on two arguments:  his refusal to submit a specimen was
involuntary and Trooper Sollock failed to make a proper written refusal report. 
Henson contended that his refusal to submit a breath sample was involuntary
because his DIC-25 notice of license suspension denominated him an adult, not a
minor.  Henson further argued that Trooper Sollock was required to make a refusal
report containing a statement that Henson had refused to submit a specimen and had
refused to sign a refusal statement.  According to Henson, Trooper Sollock’s omitting
this particular refusal statement from his report warranted the reinstatement
of Henson’s license.    

The ALJ ultimately found that Henson was properly
asked to submit a specimen of breath or blood and refused.  The ALJ further concluded
that the DPS proved compliance with the requirements set forth in section
724.042 of the Transportation Code and sustained the suspension of Henson’s
license for 180 days.  

B.   County Court at Law’s Judicial Review of ALJ’s Order

Henson appealed the ALJ’s decision by filing a
petition to set aside the administrative order with the county court at law in
Brazoria County.  In the county court at law, Henson made the same arguments he
made before the ALJ:  (1) his consent was involuntary because he was improperly
admonished as an adult and (2) Trooper Sollock failed to comply with the refusal
report requirements prescribed under section 724.032.  The county court at law
granted Henson’s petition and reversed the ALJ’s suspension order.  The county
court at law found: (1) the ALJ’s finding that the DPS complied with section
724.032—the refusal report requirement—was not supported by the evidence; (2)
DPS’s failure to comply with section 724.032 substantially prejudiced Henson’s
rights and violated a statutory provision; and (3) Henson’s refusal was not
voluntary because he was admonished as an adult.  

After the DPS’s motion for new trial was denied, it
filed the instant appeal.  The DPS raises three issues on appeal, challenging
the county court at law’s reinstatement of Henson’s license.  In the DPS’s
first issue, it contends that compliance with section 724.032 was not a
prerequisite for suspension; and, in the alternative, Trooper Sollock substantially
complied with the refusal report requirements.  In its second issue, DPS argues
that Henson voluntarily refused to submit to an alcohol concentration test
after Trooper Sollock properly admonished him.  In its third issue, the DPS argues
that it met its burden under section 724.042 of the Transportation Code.  

II.  STANDARD OF REVIEW

A person whose driver’s license is suspended
following an administrative hearing is entitled to judicial review of the
decision.  See Tex. Transp. Code Ann. § 524.041 (Vernon 2007).  Judicial
review is governed by the substantial evidence rule.  See Tex. Dep’t
of Pub. Safety v. Alford, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam) (quoting
Mireles v. Tex. Dep’t of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999)); Tex.
Dep’t of Pub. Safety v. Guajardo, 970 S.W.2d 602, 604 (Tex. App.—Houston
[14th Dist.] 1998, no writ).  When reviewing an administrative decision under
the substantial evidence rule, the reviewing court may “affirm the agency
decision in whole or in part.”  Tex. Gov’t Code Ann. § 2001.174 (Vernon 2008). 
It must reverse or remand the case if the appellant’s substantial rights have
been prejudiced because the administrative findings, inferences, conclusions,
or decisions are (1) in violation of a constitutional or statutory provision,
(2) in excess of the agency’s statutory authority, (3) made through an unlawful
procedure, (4) affected by other error of law, (5) not reasonably supported by
substantial evidence when considering the reliable and probative evidence in
the record as a whole, or (6) arbitrary or capricious or characterized by abuse
of discretion or clearly unwarranted exercise of discretion.  See id.; see
also Guajardo, 970 S.W.2d at 604–05.  

Whether substantial evidence supports an
administrative order is a question of law.  Alford, 209 S.W.3d at 103. 
The dispositive issue for the reviewing court is not whether the ALJ’s order
was correct, but whether the record demonstrates some reasonable basis for the
agency’s action.  Mireles, 9 S.W.3d at 131.  We must presume that the
agency’s decision is supported by substantial evidence.  Tex. Dep’t of Pub.
Safety v. Walter, 979 S.W.2d 22, 27 (Tex. App.—Houston [14th Dist.] 1998,
no writ).  Furthermore, the reviewing court must affirm the ALJ’s decision if more
than a scintilla of evidence supports it and may affirm “even if the evidence
preponderates against it.”  Mireles, 9 S.W.3d at 131.   We may not
substitute our judgment for the ALJ’s judgment “on the weight of the evidence
on questions committed to agency discretion.”  Tex. Gov’t Code Ann. §
2001.174.  

III.  SUBSTANTIAL
EVIDENCE SUPPORTS THE ALJ’S ORDER

In three issues, the DPS contends that the county
court at law erred in reversing the order of the ALJ because the ALJ’S findings
were supported by substantial evidence.  Taken out of order, DPS contends in
its second and third issues that it satisfied the requirements outlined under
section 724.042, including the voluntariness of Henson’s refusal.  In the DPS’s
first issue, it contends that compliance with section 724.032—the refusal
report requirement—was not a prerequisite for suspension; and, in the
alternative, Trooper Sollock substantially complied with the refusal
report requirements.  

A.  Section 724.042 Issues And The Voluntariness Of Henson’s Refusal

To uphold a license suspension, an administrative law
judge must find that the DPS proved the following elements by a preponderance
of the evidence at an administrative license suspension hearing: (1) a law
enforcement officer had reasonable suspicion or probable cause to stop or
arrest the driver; (2) the officer had probable cause to believe that the
driver was operating a motor vehicle in a public place while intoxicated; (3) the
officer arrested the driver and asked him to submit to the taking of a
specimen; and (4) the driver refused to submit to the taking of a specimen on
request by the officer.  Tex. Transp. Code Ann.
§§ 724.042, 724.043 (Vernon Supp. 2009).  The only element relevant to this
case is the last:  whether Henson refused to submit a specimen on the officer’s
request.  

Although the record reflects that he refused to submit
a specimen, Henson argues—and the county court at law agreed—that his refusal
was involuntary because he received erroneous warnings by Trooper Sollock upon
his request for a specimen.[3] 
Section 724.015 of the Transportation Code prescribes what information must be
provided by an officer to an individual before requesting a specimen.  Section
724.015 provides in relevant part:

Before requesting a person to submit to the taking of a
specimen, the officer shall inform the person orally and in writing that:

     (1) if the person refuses to
submit to the taking of the specimen, that refusal may be admissible in a
subsequent prosecution;

     (2) if the person refuses to
submit to the taking of the specimen, the person’s license to operate a motor
vehicle will be automatically suspended, whether or not the person is
subsequently prosecuted as a result of the arrest, for not less than 180 days; 

     (3) if the person is 21 years
of age or older and submits to the taking of a specimen designated by the
officer and an analysis of the specimen shows the person had an alcohol
concentration of a level specified by Chapter 49, Penal Code, the person’s
license to operate a motor vehicle will be automatically suspended for not less
than 90 days, whether or not the person is subsequently prosecuted as a result
of the arrest;

(4) if the person is younger than
21 years of age and has any detectable amount of alcohol in the person’s
system, the person’s license to operate a motor vehicle will be automatically
suspended for not less than 60 days even if the person submits to the taking of
the specimen, but that if the person submits to the taking of the specimen and
an analysis of the specimen shows that the person had an alcohol concentration
less than the level specified by Chapter 49, Penal Code, the person may be
subject to criminal penalties less severe than those provided under that
chapter;  

Tex. Transp. Code Ann. §
724.015(1)–(4) (Vernon Supp. 2009).  Trooper Sollock provided the following
DIC-24 statutory warnings to Henson upon requesting a specimen:

You are under arrest for an offense arising out of acts
alleged to have been committed while you were operating a motor vehicle . . .
while intoxicated . . . .  You will be asked to give a specimen of your breath
and/or blood.  The specimen will be analyzed to determine the alcohol
concentration or the presence of a controlled substance, drug, dangerous drug
or other substance in your body.

If you refuse to give the specimen, that refusal may be
admissible in a subsequent prosecution.  Your license, permit or privilege to
operate a motor vehicle will be suspended or denied for not less than 180 days,
whether or not you are subsequently prosecuted for this offense.

If you are 21 years of age or older and submit to the
taking of a specimen and an analysis of the specimen shows that you have an
alcohol concentration of 0.08 or more, your license, permit or privilege to
operate a motor vehicle will be suspended or denied for not less than 90 days,
whether or not you are subsequently prosecuted for this offense.

If you are younger than 21 years of age and have any
detectable amount of alcohol in your system, your license, permit or privilege
to operate a motor vehicle will be suspended or denied for not less than 60
days.  However, if you submit to the taking of a specimen and an analysis of
the specimen shows that you have an alcohol concentration of less than 0.08,
you may be subject to criminal penalties less severe than those provided for under
Chapter 49, Penal Code.

Trooper Sollock’s DIC-24
statutory warnings substantially tracked the statutory language of section 724.015. 
Accordingly, we find that Sollock’s DIC-24 statutory warnings sufficiently provided
Henson the information required to be given by an officer before requesting a
specimen under section 724.015. Nevertheless, Henson contends that his refusal
was involuntary because his DIC-25 notice of suspension described him as an
adult, not a minor.  The notice of suspension, however, is not part of the warnings
required to be provided by the officer before requesting a specimen.  See
id. § 724.015.  Rather, the DIC-25 notice of suspension is required to
be furnished after a person refuses to submit a specimen.  See
id. § 724.032(a) (“If a person refuses to submit  . . . a specimen, the
peace officer shall  . . . serve notice of licensure suspension . . . .”).  Because
Trooper Sollock was not required to give Henson the DIC-25 notice of suspension
before requesting a specimen, any irregularity on the notice of suspension did
not affect the voluntariness of Henson’s refusal to submit a specimen for
purposes of section 724.042. 

            We conclude that
substantial evidence supports the ALJ’s order:  Henson was properly advised of
the consequences set forth under section 724.015 and he voluntarily refused to
submit a specimen at Trooper Sollock’s request.  We therefore sustain the DPS’s
third issue and the portion of its second issue contending that Henson’s
refusal was voluntary.

B.  Written Refusal Report 

In DPS’s first issue, it contends that the county
court at law erroneously concluded that Trooper Sollock’s failure to comply
with section 724.032 warranted reversing the ALJ’s decision.  Section
724.032(b) includes a refusal report provision, directing an officer to execute
a report upon an individual’s refusal to submit a specimen.  The statute provides
in relevant part:

(a) If a person refuses to submit to the taking of a
specimen, whether expressly or because of an intentional failure of the person
to give the specimen, the peace officer shall:

.       
.         .

 (4) make a written report of the
refusal to the director of the department.

(b)  The director must approve the form of the refusal
report.  The report must:

.         
.          .

 (2) contain a copy of:

.          .          .

(B) a statement signed by the
officer that the person refused to:

(i)  submit to the taking of the
requested specimen; and 

(ii)  sign the requested
statement under Section 724.031.

Tex. Transp. Code Ann. § 724.032.  The county court at law
found that Trooper Sollock failed to make a proper refusal report because his
report omitted a statement that Henson refused to submit to the taking of the
requested specimen and refused to sign a refusal statement.   The record is
clear that Trooper Sollock failed to indicate in his report that Henson refused
to sign the refusal report.  This omission, however, did not invalidate the suspension. 
The Transportation Code sets forth four prerequisites for suspension:  (1) a
law enforcement officer had reasonable suspicion or probable cause to stop or
arrest the driver; (2) the officer had probable cause to believe the driver was
operating a motor vehicle in a public place while intoxicated; (3) the officer
arrested the driver and asked him to submit to the taking of a specimen; and
(4) the driver refused to submit to the taking of a specimen on request of the
officer.  See Tex. Transp. Code Ann.
§ 724.042.  Section 724.042 does not require any other findings by an
administrative judge to uphold the suspension of a driver’s license.  
Accordingly, proof that the officer completed a refusal report as required by
section 724.032 is not a prerequisite to sustaining an order suspending a
driver’s license.  See id.  

            We conclude that
the ALJ, in upholding the suspension, was not required to find that Trooper
Sollock executed a refusal report as specifically required by section 724.032. 
 The county court at law erred in concluding otherwise.  Accordingly, we sustain
the DPS’s first issue.

IV.  CONCLUSION

Because we hold that the evidence reasonably supports
the administrative decision, we reverse the county court at law’s order and
render judgment affirming the order of the administrative law judge.

 








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

 









[1]
See Tex. Transp. Code Ann. §§ 724.032, 724.042 (Vernon Supp. 2009).





[2]
See id. § 724.041.





[3]
The DPS also argues that Henson waived his voluntariness challenge because he
did not raise the argument before the ALJ.  We disagree.  The record clearly
reflects that Henson requested the ALJ to reinstate his license because he was
improperly admonished as an adult.  Accordingly, Henson did not waive his
voluntariness argument.