Affirmed and Opinion filed June 24,
2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00758-CV



A.H.D.
Houston, Inc. d/b/a Centerfolds; D.N.W. Houston, Inc. d/b/a Gold Cup; D.
Rankin, Inc., d/b/a Trophy Club; Texas Richmond Corporation d/b/a The Men’s
Club; Ice Embassy, Inc., a Texas Corporation d/b/a The Colorado Bar & Grill;
9834 jensen, inc. d/b/a harleM knights n/k/a gateway regency, l.p. d/b/a harlem
knights; 8503 north freeway, inc. d/b/a fantasy plaza a/k/a fantasy CABARET,
n/k/a verdant venTures, l.p. d/b/a fantasy plaza; kq investments, inc. d/b/a
amenity cabaret n/k/a rci, inc. d/b/a xtc cabaret; trumps, inc. d/b/a rick’s
cabaret; atcomm services, inc. d/b/a broadstreets n/k/a trumps inc. d/b/a
rick’s cabaret north, Appellants

v.

The City of Houston,
Appellee 



On Appeal from
the 280th District Court

Harris County, Texas

Trial Court
Cause No. 2007-23231



 

OPINION

This appeal concerns an ordinance enacted in 1997 by
appellee the City of Houston that strengthened existing regulations for issuing
permits to operate sexually-oriented businesses (“SOBs”).  Appellants are ten
SOB owners who were denied, in whole in or in part, their requests for
additional time to recoup their investments before being subject to the
ordinance.  They sought judicial review of these decisions, and the trial court
upheld the decisions.  Appellants argue that the trial court applied an
incorrect standard of review and erred in refusing to require the hearing
officers who denied their requests to make fact findings.  They also contend
that the conduct of the hearing officers violated their rights to due process
and due course of law and the proceedings were violative of the separation of
powers clause in the Texas Constitution.  We affirm.

BACKGROUND

In 1997, the City of Houston enacted Ordinance
97-75.  This ordinance amended existing ordinances regulating SOBs, including
those regulating where SOBs could be located.  Appellants held valid permits to
operate SOBs, but under the new ordinance, appellants could no longer operate
in their current locations.  To give business owners affected by the new
ordinance time to recoup their investments and adjust to the new regulations,
the ordinance did not go into effect for 180 days.  Furthermore, the ordinance
contains a procedure known as amortization whereby an affected business owner
could apply for additional time to operate under the existing regulations by
proving it needed that time to recoup his investment.  Each appellant applied
for additional time and, at a hearing, provided evidence to a hearing officer
to justify its request.  The hearing officers denied appellants’ requests,
either in whole or in part.  The ordinance provides that anyone aggrieved by
such a decision can seek judicial review immediately following the decision.

Meanwhile, many SOB owners, including all appellants,
brought a federal lawsuit challenging the constitutionality of the ordinance
under many different theories.  See N.W. Enters., Inc. v. City of
Houston, 27 F. Supp. 2d 754 (S.D. Tex. 1998), rev’d in part, 352
F.3d 162 (5th Cir. 2003).  After a decade of litigation, including two trips to
the Fifth Circuit, the constitutionality of nearly every part of the ordinance
was upheld.[1] 
The federal district court entered judgment on January 31, 2007.  The business
owners filed several post-judgment motions, including a motion to amend or make
additional findings and to alter or amend the judgment.  The federal district
court denied these motions on March 29, 2007.

The City and the SOB owners agreed that amortization
hearings would continue during the pendency of the federal constitutional
litigation but that any judicial review of those decisions would be stayed
until entry of a final judgment.  After the federal district judge denied the
post-judgment motions, appellants filed the present judicial review suit in
Texas district court.[2]
 The trial court affirmed the hearing officers’ decisions regarding appellants’
requests for additional time to recoup their investments, and this appeal
followed.

ANALYSIS

A.    Timeliness

Before we analyze appellants’ issues, we begin with
the City’s cross-issue.  The City argues that appellants’ judicial review suit
is untimely.  The parties reached an agreement, which was entered as an agreed
order in federal district court, that judicial review of the amortization
decisions would be stayed until there was a final judgment in the federal
case.  The order provided that upon “entry of a final judgment,” the judicial
review process would begin according to the procedures set forth in the
ordinance.  The ordinance provides that any judicial review is to begin
“immediately” following an adverse decision and states that any decision is not
enforceable for twenty days in order to give the aggrieved party an opportunity
to seek judicial review.[3] 
Therefore, according to the City, the time frame for judicial review began on
January 31, 2007, when the federal court entered the judgment.  Because
appellants did not seek judicial review within twenty days of this date but
rather waited until twenty days after the federal court denied its
post-judgment motions, the City argues that the judicial review suit is
untimely.  We disagree with the City’s analysis.

In their agreement, the parties included a provision
that the period of time for stay of judicial review ends with entry of a final
judgment.  Because the agreement was made in federal court, we will look to
federal law regarding finality of judgments.  Though the judgment entered on January
31, 2007 may have been a final judgment at the time of entry, that changed when
the owners filed several post-judgment motions, including a motion to amend or
make additional findings under Federal Rule of Civil Procedure 52(b) and a
motion to alter or amend the judgment under Federal Rule of Civil Procedure
59(e).  Such motions destroyed the finality of the judgment because the court’s
ruling on the motions could obviate the need for an appeal.  See Leishman v.
Associated Wholesale Elec. Co., 318 U.S. 203, 205–06 (1943); Whitaker v.
City of Houston, 963 F.2d 831, 836 (5th Cir. 1992); Brown v. United Ins.
Co. of Am., 807 F.2d 1239, 1242 (5th Cir. 1987) (per curiam); see also In
re X-Cel, Inc., 823 F.2d 192, 193 (7th Cir. 1987).  However, the federal
district court’s denial of the post-judgment motions re-established the
finality of the judgment.  See Whitaker, 963 F.2d at 836; Brown,
807 F.2d at 1242; see also Simmons v. Reliance Standard Life Ins. Co. of
Tex., 310 F.3d 865, 867 (5th Cir. 2002).  Accordingly, we conclude that the
end of the judicial review stay began when the district court denied the
post-judgment motions and therefore, appellants’ judicial review suit was
timely.  We overrule the City’s cross-issue.

B.     Standard
of Review

Appellants complain that the trial court applied an
improper standard in its judicial review of the hearing officers’ decisions.  The
trial court reviewed the hearing officers’ decisions for substantial evidence,
which is a limited, deferential standard requiring only more than a mere
scintilla of evidence to uphold the decisions.  See Montgomery Indep. Sch.
Dist. v. Davis, 34 S.W.3d 559, 566 (Tex. 2000).  Appellants argue that this
standard is improper and that the trial court should have conducted a de novo
review with a new hearing, presentation of evidence, and fact finding by the
trial court.  We disagree.

Neither the ordinance nor any other governing statute
specifies the type or details of the judicial review procedure to be applied.[4]  Therefore,
we look to case law for guidance.  Appellants cite the following case in
support of their de novo judicial review theory, City of Houston v. Lurie,
224 S.W.2d 871 (Tex. 1949).  Lurie concluded that de novo review was
required in that case, but it did so because the case involved a taking of
property.  See id. at 874.  Appellants do not contend in this appeal
that the application of the ordinance constitutes a taking.  See SDJ, Inc. v.
City of Houston, 837 F.2d 1268, 1278 (5th Cir. 1988) (stating that City’s
SOB regulation is not a taking because it does not prevent all reasonable uses
of the property); see also N.W. Enters., 352 F.3d at 186.  Moreover, Lurie
specifically held that in a licensing situation, substantial evidence review
was appropriate.  See 224 S.W.2d at 874.  Therefore, because this case
involves a permit/licensing situation rather than a taking of property, we hold
that substantial evidence is the proper standard of review.  See Webworld
Mktg. Group, L.L.C. v. Thomas, 249 S.W.3d 19, 24 (Tex. App.—Houston [1st
Dist.] 2007, no pet.) (applying substantial evidence standard of review in
affirming trial court’s decision upholding denial of permit to SOB); see
also City of Dallas v. Furrh, 541 S.W.2d 271, 273 (Tex. App.—Texarkana
1976, writ ref’d n.r.e.) (noting general rule that judicial review of agency
decision, “whether pursuant to a statutory or inherent right, is generally
limited to a determination of whether the administrative agency’s action is
supported by substantial evidence”); accord City of Dallas v. Stevens,
310 S.W.2d 750, 755 (Tex. App.—Dallas 1958, writ ref’d n.r.e.).  The trial
court did not err in conducting a substantial evidence judicial review, and we
overrule appellants’ issues in this regard.

C.    Fact
Findings

Appellants next complain that the trial court erred
in not remanding with instructions for the hearing officers to make findings of
fact explaining the basis of their decisions.  The hearing officers sent a
letter to each appellant containing language stating that after “carefully
consider[ing]” the records, evidence, and testimony submitted, the request for
an extension was denied.  Appellants requested that the hearing officers
provide fact findings to explain why their requests were not granted in full,
but the hearing officers refused, with the City contending that there was no
requirement for the hearing officers to do so.

On appeal, appellants argue that the hearing officers
were required to make findings of fact and disclose the thought processes and
motivations for their decisions.  However, the ordinance does not require that
level of detail.  The ordinance states that an owner invoking the amortization
procedures must “prove[] that he will be unable to recoup his investment in the
business” by the effective date of the ordinance.  The ordinance then requires
the hearing officer to grant or deny the request, and if granting, to provide a
specific date for the extension to end.  A hearing officer’s negative decision
on this narrow issue—of whether the owner met its burden of proving inability
to recoup his investments in time—constitutes an implied finding that the owner
did not meet its burden of proof.  Although appellants cite Texas Rule of Civil
Procedure 296 in arguing that fact findings are mandatory in response to a
request, the rules of civil procedure apply to district courts, and appellants
cite no authority to suggest they should also apply to a municipal,
non-judicial officer.  The same is true of the fact-finding requirement
provided in Government Code section 2001.141, which applies only to state
agencies.  See Tex. Gov’t Code Ann.
§§ 2001.001, .141 (Vernon 2008).

Appellants maintain that detailed fact findings are a
necessary prerequisite to conduct a substantial evidence review, relying on Morgan
Drive Away, Inc. v. Railroad Commission of Texas, 498 S.W.2d 147 (Tex.
1973).  The court in Morgan discussed the value of fact findings in
conducting substantial evidence judicial review of an administrative decision. 
See id. at 150.  However, Morgan arose in the context of a
statute specifically requiring that the administrative agency make “full and complete
findings of fact pointing out in detail” the problems with the services and
facilities at issue in that case.  Id.  There is no such provision in this
ordinance.  See Tex. Health Facilities Comm’n v. Charter Med.-Dallas, Inc.,
665 S.W.2d 446, 449, 450–51 (Tex. 1984) (emphasizing the importance of
statutory language in determining the scope of an agency’s fact finding
requirements).  Morgan does not hold that detailed fact finding is
required for every agency decision subject to judicial review.  Appellants
complain that the absence of detailed fact findings undermines their judicial
review because they are forced to guess at the basis of the hearing officers’
decisions.  Further, they insist that without such fact findings, the trial
court was forced to improperly speculate about what a reasonable hearing
officer could have concluded to conduct its substantial evidence review.  But
the trial court did exactly what was required.  If the evidence provides a
basis for a reasonable administrative agency to have concluded as it did, then
administrative action must be affirmed in a substantial evidence judicial
review.  See City of El Paso v. Pub. Util. Comm’n of Tex., 883 S.W.2d
179, 186 (Tex. 1994) (“In conducting a substantial-evidence review, we must
determine whether the evidence as a whole is such that reasonable minds could
have reached the conclusion the agency must have reached in order to take the
disputed action.”); accord AEP Tex. Cent. Co. v. Pub. Util. Comm’n of Tex.,
258 S.W.3d 272, 279–80 (Tex. App.—Austin 2008, pet. filed); Tex. Alcoholic
Beverage Comm’n v. Mini, Inc., 832 S.W.2d 147, 150 (Tex. App.—Houston [14th
Dist.] 1992, writ denied).  This is consistent with appellate review of other
types of fact findings, such as a jury’s finding of a particular amount of
damages.  The jury is not required to explain why it awarded what it did, and
its award will be upheld on appeal if the conclusion reached is within the
range of evidence presented at trial.  See Anderson, Greenwood & Co. v.
Martin, 44 S.W.3d 200, 219 (Tex. App.—Houston [14th Dist.] 2001, pet.
denied).  Though detailed fact findings are common in an agency setting and can
aid litigants and trial courts in conducting judicial review, they are not
inherent to the judicial review process.[5] 
Thus, there is no basis for concluding that the trial court erred in not
requiring the hearing officers to make detailed fact findings.  We overrule
appellants’ issues in this regard.

D.    Substantial
Evidence

Having determined that substantial evidence is the
proper standard for judicial review and that additional fact findings were
unnecessary, we must now determine whether the trial court conducted a proper
substantial evidence review.  The substantial evidence rule is a limited
standard of review and grants significant deference to agency expertise.  R.R.
Comm’n of Tex. v. Torch Operating Co., 912 S.W.2d 790, 792 (Tex. 1995); Tex.
Dep’t of Pub. Safety v. Guajardo, 970 S.W.2d 602, 605 (Tex. App.—Houston
[14th Dist.] 1998, no pet.).  “The true test is not whether the agency reached
the correct conclusion, but whether some reasonable basis exists in the record
for the action taken by the agency.”  City of El Paso, 883 S.W.2d at
185; see also Guajardo, 970 S.W.2d at 605.  Substantial evidence is more
than a mere scintilla of evidence, but the record may actually preponderate
against the agency decision and nonetheless amount to substantial evidence.  Montgomery
Indep. Sch. Dist., 34 S.W.3d at 566; Torch Operating Co., 912 S.W.2d
at 792–93.  The agency’s findings, inferences, conclusions, and decisions are
presumed to be supported by substantial evidence, and the party appealing the
agency decision has the burden of proving otherwise.  City of El Paso,
883 S.W.2d at 185.  If evidence can support either affirmative or negative
findings, the agency’s decision must be upheld.  Charter Med.-Dallas,
665 S.W.2d at 453; Guajardo, 970 S.W.2d at 605.

Appellants all argue that the trial court improperly
speculated about what a reasonable hearing officer could have determined. 
However, as discussed above, looking at what a reasonable hearing officer could
have concluded is entirely appropriate.  See City of El Paso, 883 S.W.2d
at 186; AEP, 258 S.W.3d at 279–80; Mini, Inc., 832 S.W.2d at 150. 
Beyond this general assertion, only appellants Ice Embassy, Inc. and Texas
Richmond Corporation make any specific argument to refute the trial court’s
explanation of how the decisions of the hearing officer, who happened to be the
same for both of those appellants, were supported by substantial evidence.[6]

Ice Embassy and Texas Richmond each had the burden to
prove that they needed additional time to recoup their investment before
complying with the ordinance.  The trial court provided several reasons for
each appellant explaining why, based on the evidence presented, the hearing
officer could have reasonably rejected its calculation of the amount of
additional time needed.  For example, both Ice Embassy and Texas Richmond
asserted that they had realized “zero” return on their investment and asked for
282 years (Ice Embassy) and 106 years (Texas Richmond) to recoup their
investments.  The trial court stated that a reasonable hearing officer could
have found that such an exaggerated request was not credible.  We agree.  It is
not unreasonable to determine that business owners did not invest in a business
with no expectation of recovering on their investment for more than a century.[7]  The
rejection of Ice Embassy and Texas Richmond’s conclusions that more than 100
years was necessary to recoup their investments could also naturally lead to a
rejection of the evidence upon which that conclusion was based.  Further, the
trial court pointed out several specific problems that a reasonable hearing
officer could have had with appellants’ evidence.  For example, each submitted
a lease to show an obligation to stay in its current location and that
relocation could subject it to liability for breach of contract.  However, both
leases were between the business owner and a related entity, and the signatures
for landlord and tenant on each lease were signed by the same person.  As the
trial court noted, a reasonable hearing officer could have concluded that
appellants were unlikely to face liability for breach of contract under these
circumstances.[8] 
Additionally, the evidence appellants submitted showed that both had paid officers
and stockholders substantial sums in prior years, including at least one
payment of more than $500,000.  Appellants argue that large executive salaries
are common and that these executives earned this money.  However, as the trial
court stated, it would not have been unreasonable to conclude that such high
payments were at least in part a return on investment rather than a salary
obligation.  The trial court also noted that appellants included in the
calculations of amounts invested in the business items that a reasonable
hearing officer could have concluded were not in fact investments, including
contingent liabilities (in the form of reserves for potential future
litigation) and relocation and moving expenses.

After reviewing the record, we conclude there is more
than a mere scintilla of evidence to support the hearing officers’ actions.  We
further conclude it was not unreasonable for the hearing officer to reject Ice
Embassy’s and Texas Richmond’s calculations and to find that they had not met
their burden of proving they needed time to recoup their investments.  For
these reasons, we overrule appellants’ issues regarding whether there was
substantial evidence to support the hearing officers’ determinations and the
trial court’s application of substantial evidence judicial review. 

E.     Constitutional
Issues

Appellants assert two constitutional arguments.[9]  First, they
contend that the ordinance violates the separation of powers clause of the
Texas Constitution because judicial review without detailed fact finding is
ineffective and because the hearing officers, who were from the police
department vice squad, were usurping a judicial function.  Second, they argue
that the lack of detailed fact findings from the hearing officers violates
their rights to due process and due course of law under the United States and
Texas Constitutions[10]
because they are forced to guess at the hearing officers’ motivations for
declining their amortization requests.

The City asserts that these constitutional arguments
are barred by res judicata.[11] 
We agree.  The doctrine of res judicata bars a second action by the same
parties on matters actually litigated in a prior suit as well as claims that,
through the exercise of due diligence, could have been litigated.  See
Hallco Tex., Inc. v. McMullen County, 221 S.W.3d 50, 58 (Tex. 2006).  The
federal litigation involved a variety of facial constitutional challenges,
including several challenges to the amortization scheme.  See N.W. Enters.,
27 F. Supp. 2d at 765–66, 817–23.  A facial constitutional challenge alleges
that a statute is always unconstitutional in all its applications, whereas an
as-applied challenge involves the constitutionality of the statute to the
particular party.  See City of Corpus Christi v. Pub. Util. Comm’n of Tex.,
51 S.W.3d 231, 240–41 (Tex. 2001).  Appellants recognize that all facial
constitutional challenges should have been brought in the federal litigation
but contend that their challenges in this suit are as-applied and therefore not
barred by res judicata.  We disagree.  The root of each constitutional
challenge lies in the very structure of the ordinance.  Appellants complain
about the lack of detailed fact findings, but, as discussed above, the
ordinance does not require detailed fact findings.  Appellants complain about executive
branch hearing officers usurping a judicial function, but the ordinance
specifically requires that permit applications and requests for amortization
extensions be made to the police department vice squad.  Because these
complaints would apply equally to all businesses seeking amortization
extensions and judicial review, we conclude that they are facial challenges
that could and should have been brought in the federal litigation.  See SDJ,
837 F.2d at 1271, 1278 (characterizing due process challenges to portion of SOB
ordinance requiring police chief involvement as a facial challenge); Hallco,
221 S.W.3d at 58–61 (finding res judicata barred claim because components of
claim in second suit were known and fixed at time of first suit and all claims
arise from the same subject matter); see also Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 630 (Tex. 1992) (“Any cause of action which arises out of [the]
same facts should, if practicable, be litigated in the same lawsuit.”).  Thus, we
conclude appellants’ constitutional claims are barred by res judicata.

Even if not barred by res judicata, appellants’
constitutional claims fail on the merits.  The separation of powers provision
of the Texas Constitution applies only to the branches of state, not local,
government.  See City of Fort Worth v. Zimlich, 29 S.W.3d 62, 72 (Tex.
2000); Bradford v. Pappillion, 207 S.W.3d 841, 843 n.2 (Tex. App.—Houston
[14th Dist.] 2006, no pet.).  Therefore, there can be no separation of powers
issue as to this ordinance.

As to their due process claims, appellants are
correct that due process applies to the administrative process.  See Rector
v. Tex. Alcoholic Beverage Comm’n, 599 S.W.2d 800, 800–01 (Tex. 1980).  The
ultimate test of due process in an administrative hearing is the presence or
absence of the rudiments of fair play.  State v. Crank, 666 S.W.2d 91,
94 (Tex. 1984).  Appellants cite no authority supporting their contention that
denial of a request for fact findings, which are not even required under this
ordinance, can constitute a due process violation.  The cases they cite involve
such things as swearing and cross-examining witnesses, which indisputably do
not apply here.  See Rector, 599 S.W.2d at 800.  Appellants were given a
hearing with full notice and allowed to present any evidence they saw fit.  See
Coastal Habitat Alliance v. Pub. Util. Comm’n of Tex., 294 S.W.3d 276, 285
(Tex. App.—Austin 2009, no pet.) (noting that due process requires notice and
an opportunity to be heard).  Appellants have presented no evidence that the
hearing officers were biased.  See SDJ, 837 F.2d at 1278 (finding no due
process violation in police chief administering SOB requirements in part
because there was no evidence that the police chief could not be neutral); see
also Gilder v. Meno, 926 S.W.2d 357, 364 (Tex. App.—Austin 1996, writ
denied) (stating that due process claim failed in part because appellant
presented no evidence that board members were biased).  Indeed, the hearing
officers allowed some of the appellants a period of time to recoup their
investments, which suggests consideration of individual circumstances rather
than a rubber-stamp denial.  Moreover, judicial review is available and in fact
was conducted very thoroughly in this case, with the trial court reversing and
remanding as to two business owners who were denied their amortization
requests.  See SDJ, 837 F.2d at 1278 (stating that SOB ordinance
provided judicial review of police chief’s actions and therefore did not
implicate due process concerns).  We find nothing fundamentally unfair about
this process.

For these reasons, we overrule appellants’ issues
alleging separation of powers and due process violations.

CONCLUSION

We conclude that appellants timely filed their
judicial review suits and therefore overrule the City’s cross-issue.  The trial
court correctly applied the substantial evidence standard of review and
correctly found that substantial evidence supports the hearing officers’
decisions, which were not required to be accompanied by detailed fact
findings.  Moreover, appellants’ constitutional arguments are barred by res
judicata and are otherwise without merit.  For these reasons, we overrule all
of appellants’ issues and affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Seymore,
and Brown.

 









[1]
The district court enjoined enforcement of a portion of the ordinance.  See
27 F. Supp. 2d at 813.  The Fifth Circuit reversed that determination and
remanded for further proceedings.  See N.W. Enters., Inc. v. City of Houston,
352 F.3d 162, 197 (5th Cir. 2003).  On remand, the district court ruled in
favor of the City on January 31, 2007, and the Fifth Circuit affirmed.  See
Ice Embassy, Inc. v. City of Houston, No. 4:97-cv-00196, 2007 WL 963983 (S.D.
Tex. Jan. 31, 2007), aff’d, 236 F. App’x 118 (5th Cir. 2007), cert.
denied, 128 S. Ct. 1658 (2008).





[2]
The present case is a consolidation of nine different judicial review actions
filed by a total of twelve plaintiffs.





[3]
Although the ordinance does not specifically state when judicial review suits
are due, the City argues that, based on the language and intent of the
ordinance, any judicial review suit is due within twenty days of the date of
decision.  For purposes of this appeal, none of the appellants have disputed
this theory.





[4]
The Government Code provides detailed procedures for judicial review of agency
decisions.  See Tex. Gov’t Code
Ann. §§ 2001.171–.178 (Vernon 2008).  However, these provisions are
specifically limited to decisions of state agencies.  See id. §
2001.171.





[5]
At oral argument, appellants argued that all judicial review necessarily
presupposes findings of fact and conclusions of law, citing the definition of
“judicial review” in Black’s Law Dictionary.  Though the third
definition is “[a] court’s review of a lower court’s or administrative body’s
factual or legal findings,” the first one more generally refers to “[a] court’s
power to review the actions of other branches or levels of government.”  Black’s Law Dictionary 924 (9th ed.
2009).  Further, as appellants have noted in this appeal, judicial review can
be de novo, and in such a case, the agency’s fact findings (or lack thereof)
are irrelevant because the reviewing body must conduct a new trial.  See Key
W. Life Ins. Co. v. State Bd. of Ins., 350 S.W.2d 839, 842 (Tex. 1961). 
Thus, we reject the notion that the very concept of judicial review necessarily
implies detailed findings of fact to review.





[6]
In their joint brief, appellants A.H.D Houston, Inc., D.N.W. Houston, Inc., and
D. Rankin, Inc. purport to challenge the trial court’s explanations, but they
provide no analysis in their brief.  Rather, they state that “[f]or the reasons
set forth in Appendix 16,” they are entitled to remand.  Appendix 16 is a list
of objections they filed in the trial court to the City’s proposed findings of
fact and conclusions of law.  This is insufficient.  All arguments must be in
the briefs; incorporating by reference arguments made in another document does
not present an issue for appellate review.  See Young v. Neatherlin, 102
S.W.3d 415, 423 (Tex. App.—Houston [14th Dist.] 2003, no pet.).





[7]
Ice Embassy and Texas Richmond do not even attempt to argue that the number of
years requested for recoupment was reasonable, only that it was justified by
their fear of the future consequences of the ordinance.





[8]
Further, the day before the ordinance passed, Texas Richmond entered into a
lease addendum extending its lease over twelve more years with an increase in
rent, despite being aware of the ordinance well before its passage date.  The
hearing officer could have rationally discounted this expense as unreasonable.





[9]
Ice Embassy and Texas Richmond also argue that a stay of enforcement to allow
proper fact findings would protect their rights under the First Amendment.  We
need not consider this argument because we have concluded they are not entitled
to a remand for fact findings.





[10]
See U.S. Const. amend.
XIV, § 1; Tex. Const. art. I, §
19.  Although the federal due process and Texas due course of law clauses are
worded differently, there is no meaningful distinction between the two, and we
apply general due process concepts to analyze both types of claims.  See
Univ. of Tex. Med. Ctr. at Houston v. Than, 901 S.W.2d 926, 929 (Tex.
1995).





[11]
Appellants argue the City has waived its res judicata defense because it was
not pleaded.  The City had no obligation to plead res judicata as an
affirmative defense except in response to a preceding pleading.  See Berry
v. Berry, 786 S.W.2d 672, 673 n.3 (Tex. 1990).  Here, none of the
appellants filed a pleading collaterally attacking the federal judgment. 
Appellants argue that one petition “pled the existence” of the federal
litigation, but that was only a reference to the agreement to stay judicial
review of the hearing officers’ decisions and gave no indication that appellants
would seek to undermine that judgment.  In fact, appellants made no
constitutional challenges in the judicial review litigation until it filed a
motion for new trial, and res judicata need only be pleaded in response to an
allegation in a pleading, not a motion.  See Elliott v. Elliott, 797
S.W.2d 388, 391–92 (Tex. App.—Austin 1990, no writ).