**CITY OF DALLAS et al., Appellants,**

v.

**Don FURRH, Appellee.**

No. 8385.

Court of Civil Appeals of Texas, Texarkana.

Sept. 7, 1976.

Rehearing Denied Sept. 28, 1976.

N. Alex Bickley, City Atty., Joseph G. Werner, Asst. City Atty., Dallas, for appellants.

Jerry W. Biesel, Dallas, for appellee.

CHADICK, Chief Justice.

Judgment was entered in the trial court decreeing that the City of Dallas forthwith issue Don Furrh a ". . . license to operate billiard tables in the business establishments known as Junior's, 1946 N. Industrial Boulevard, Dallas, Texas; Dandy Don's, 9736 Harry Hines Boulevard, Dallas, Texas; and The Fair, 5030 Greenville Avenue, Dallas, Texas upon payment of the proper fees . . . ." The City of Dallas has appealed. The trial court's judgment is reversed and judgment rendered that Don Furrh take nothing by his suit. The opinion of this Court delivered August 10, 1976, is withdrawn and this substituted for it.

■ The issues in the appeal are so limited that an analysis or statement of the pleadings will only be made when found necessary in connection with a particular question. For reversal, appellant, City of Dallas, presents two points of error, viz:

"FIRST POINT: THE TRIAL COURT ERRED IN ORDERING THE ISSUANCE OF A LICENSE TO APPELLEE, FOR THE REASON THAT THE DECISION OF THE CITY COUNCIL OF THE CITY OF DALLAS DENYING A LICENSE TO APPELLEE WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.

SECOND POINT: THE TRIAL COURT ERRED IN ORDERING THE ISSUANCE OF A LICENSE TO APPELLEE, FOR THE REASON THAT SUCH RELIEF IS NOT SUPPORTED BY THE PLEADINGS."

Appellee Furrh has briefed four counterpoints, viz:

"NO. 1: THE SUIT IN THE DISTRICT COURT WAS A DIRECT AND INDEPENDENT ACTION TO WHICH THE SUBSTANTIAL EVIDENCE RULE HAS NO APPLICATION.

NO. 2: THE SUBSTANTIAL EVIDENCE RULE DOES NOT APPLY IN THIS CASE SINCE THE SUBJECT MATTER INVOLVED WAS NOT PROPERLY WITHIN THE DISCRETION OF THE CITY COUNCIL.

NO. 3: THE CITY COUNCIL HEARING VIOLATED APPELLEE'S 14TH AMENDMENT RIGHT TO DUE PROCESS OF LAW, SO THE SUBSTANTIAL EVIDENCE RULE CANNOT BE APPLIED THERETO.

NO. 4: THE COURT HAD THE AUTHORITY TO GRANT THE RELIEF GIVEN TO THE APPELLEE."

By the wording of his counterpoints, Mr. Furrh undertakes to avoid the effect of the substantial evidence rule in the judicial review of the reasonableness of the decision by the City Council, City of Dallas, acting as an administrative agency. The practical effect of appellee's stance is an implication or silent assent that the city is entitled to reversal and rendition unless the judgment may be sustained under one or more of the counterpoints. However, since Tex.R.Civ.P. 296 findings and conclusions were not requested, affirmance may be grounded upon any theory the record supports. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968). Discussion will be from the standpoint of the issues raised by the counterpoints.

■ Neither the City of Dallas ordinance providing for licensing of billiard tables, Ordinance 9988, nor any statute called to the attention of this Court provides for an appeal to a court from the decision of the council denying a billiard hall license to an applicant. Mr. Furrh's pleadings are understood to allege the violation of his constitutional rights because denial was arbitrary and discriminatory. The right to review under such allegations has been referred to as an inherent right of appeal in cases where a statutory right of appeal is not provided. *Chemical Bank & Trust Company v. Falkner*, 369 S.W.2d 427 (Tex. 1963). Whether the action is called a suit or an appeal is immaterial. Review, whether pursuant to statutory or inherent right, is generally limited to a determination of whether the administrative agency's action is supported by substantial evidence. *Chemical Bank & Trust Company v. Falkner*, supra; *Industrial Accident Board v. O'Dowd*, 157 Tex. 432, 303 S.W.2d 763 (1957); *White v. Bolner*, 223 S.W.2d 686 (Tex.Civ.App. San Antonio 1949, writ ref'd); *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951). Necessarily, the scope of review must be governed by the nature of the question to be decided. For example, courts are not bound by administrative determination of questions of law. *Brown v. Humble Oil & Refining Co.*, 126 Tex. 296, 83 S.W.2d 935, 99 A.L.R. 1107 (1935), 1 Tex.Jur.2d, Administrative Law,

Sec. 40 and 41. Unquestionably, it was the trial court's duty to ascertain whether or not there was substantial evidence reasonably sufficient to support the council's negative action.

■ Under his second point of error, the appellee argues in harmony with his pleading that the ordinance providing for the licensing of billiard tables in Dallas is unconstitutional and void. Notice must be taken of the incongruity of the appellee's position in this regard. By implication, the judgment, which has been quoted in part, declared the ordinance constitutional. It directed the city to issue the license applied for upon payment of the license fee, impliedly holding it valid. If appellee was dissatisfied with the judgment's failure to declare the ordinance unconstitutional or invalid for other reasons, he should have made his dissatisfaction known in a proper way to the trial court and proceeded with an appeal from the part of the judgment found unsatisfactory. This he failed to do. The second counterpoint is overruled. *Maloney v. Strain*, 410 S.W.2d 650 (Tex.Civ. App. Eastland 1966, no writ); *Security Insurance Company v. Pioneer Casualty Co.*, 449 S.W.2d 158 (Tex.Civ.App. Houston-1st Dist. 1970, writ ref'd n.r.e.); *Liberty Mutual Ins. Co. v. General Insurance Corp.*, 517 S.W.2d 791 (Tex.Civ.App. Tyler 1974, writ ref'd n.r.e.).

The record shows that application for the several licenses was made by Mr. Furrh in accordance with the ordinance prescribed procedure. After consideration, the licenses were refused by the Chief of Police and Mr. Furrh was so advised in writing together with reasons for denial. In accordance with the ordinance procedure, timely appeal was made from the chief of police's denial to the City Council. A hearing before the council followed. Mr. Furrh and his legal counsel had notice of the hearing and attended. At the hearing, neither Mr. Furrh nor his counsel offered to produce either witnesses or evidence. In the court below, Mr. Furrh testified to a conclusion that he was denied the right to cross-examine witnesses against him. He tendered no proof that he

or his counsel requested permission to examine or cross-examine witnesses at the hearing or that a request or attempt to do so was overruled or prevented by the council. His brief in this Court states there were witnesses before the City Council but the nature of their testimony is not shown. Statement by Mr. Furrh's counsel, reproduced in the record, indicates that a tape recording was made of the Council's proceedings but neither the recording nor a transcript thereof was offered in evidence for any purpose.

Under counterpoint three, appellee asserts that he was entitled to have notice of the City Council's hearing of his appeal and an opportunity to appear and be heard in person and by counsel, as well as an opportunity to produce evidence in his own behalf and to cross-examine witnesses against him. He asserts, on the grounds that he was deprived of these rights, that he was not afforded due process of law at the City Council hearing, a violation of the 14th Amendment to the United States Constitution.

■ From the record, it appears that the claimed denial of cross-examination of witnesses against Mr. Furrh is the only deprivation of 14th Amendment rights that has a semblance of proof to support it. However, the witness's bare conclusion that cross-examination was denied does not raise an issue. As a general rule, a witness must testify to facts of which he has personal knowledge, and cannot give his conclusions thereon. 2 McCormick and Ray, Texas Law of Guidance, Sec. 1391 (1956). A witness's opinion on an ultimate legal question is of no probative value. *Dallas Railway & Terminal Company v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956); *Harris County v. Collin*, 365 S.W.2d 187 (Tex.Civ.App. Texarkana 1963, writ ref'd n.r.e.).

■ On further examination of the record, nothing is found to require affirmance of the judgment because of any presumption favoring its validity or upon grounds not briefed but supported by the record. On the contrary, the record shows substantial evidence supporting the City Council's denial of the billiard hall license. The trial court's failure to so find necessitates reversal.

It is not necessary under the circumstances to reach appellant's second point or appellee's last counterpoint. The judgment of the trial court is reversed and judgment rendered that appellee, Don Furrh, take nothing by his suit. Appellee's motion for rehearing is overruled.