ICE EMBASSY INCORPORATED; Texas Richmond Corporation; HFR Enterprises Incorporated; DWG FM, Incorporated; D Rankin, Incorporated; W L York; Studemont Video; Eastex Video; 24 Hour News and Video Emporium; Airline Video and Thai Company; DHR Incorporated; Sugar's Cabaret; Chil Soung Incorporated, doing business as BJ's 24 Hour Newsstand; Daris Incorporated, doing business as Riveria Cabaret; GNCD Incorporated, doing business as Fantasy South; Rude Dog II Incorporated, doing business as Scores Cabaret; Lone Starr Multi Theatres Incorporated, doing business as Cinema West; AVW Incorporated, doing business as Adult Video Megaplexxx; CLMS Incorporated, doing business as 24 Hour Video & News; 9834 Jensen Incorporated, doing business as Harlem Knights; 8503 North Freeway Incorporated, doing business as Fantasy Cabaret; Long Tran, doing business as Ellington Newsstand; Nien X Nguyen, doing business as DT Video; AKM Incorporated, doing business as Gigi's Cabaret; DHR Incorporated, doing business as Hi–10 Cabaret; Panah Inc, doing business as Mirage Cabaret; R & R Entertainment Incorporated, doing business as Moments Cabaret; SSD Enterprises Incorporated, doing business as Ritz Cabaret; HHE Incorporated, doing business as Passion Cabaret; Houman Shaghagi, doing business as Foxxy's Cabaret; Southeast Texas Ventures, a Texas Joint Venture, doing business as The Trophy Club; KMRC Incorporated,

---

doing business as LaChatte; Aris My-
lonas, doing business as Baby Dolls
Saloon; M K Club & Restaurants In-
corporated, doing business as Moulin
Rouge; 10128 TDC 1 Incorporated, do-
ing business as Texas Dolls Cabaret;
Obsession Cabaret Incorporated, also
known as Obsession Cabaret Inc, do-
ing business as Obsession Cabaret In-
corporated; Gino A. Barone, doing
business as Ban Management Compa-
ny, doing business as Telephone Road
News & Video, also known as Consoli-
dated Video, doing business as Hill-
croft News & Video; AHD Houston
Incorporated, a Texas Corporation,
doing business as Centerfolds ("Cen-
terfolds"); DNW Houston Incorporat-
ed; Trumps Incorporated, a Texas
Corporation, doing business as Rick's
Cabaret; Andrew Sefia, and others
similarly situated, doing business as
Rumors; D Houston Incorporated, a
Texas Corporation, doing business as
Treasures; Rick's Cabaret; Rick's
Sports Cabaret; XTC North, Interve-
nor–Plaintiffs–Appellants

6340 Westheimer Inc, doing business as
Allstars, as successor in interest to
Aris Mylonas, Appellant

v.

CITY OF HOUSTON, Intervenor
Defendant–Appellee.

No. 07–20329.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2007.

James Vincent Pianelli, Pianelli Law
Firm, Houston, TX, for Intervenor–Plain-
tiffs–Appellants.

Patrick Andrew Zummo, Zummo & Mid-
kiff, Houston, TX, for Intervenor Defen-
dant–Appellee.

Before DENNIS, CLEMENT, and
PRADO, Circuit Judges.

PER CURIAM: *

This case was remanded to determine
whether the City of Houston ("the City")
could demonstrate that its 1997 ordinance
regulating sexually-oriented businesses
("SOBs") did not seek to reduce the sec-
ondary effects of SOBs "by depriving
SOBs of reasonable avenues of communi-
cation." *N.W. Enters., Inc. v. City of
Houston,* 352 F.3d 162, 183 (5th Cir.2003)
(citing *City of Los Angeles v. Alameda
Books, Inc.,* 535 U.S. 425, 451, 122 S.Ct.
1728, 152 L.Ed.2d 670 (2002)). Following
a ten-day bench trial, the district court
found that the City had carried its burden.
*See Ice Embassy, et al. v. City of Houston,*
No. 4:97–CV–196, 2007 WL 2175328, 2007
U.S. Dist. LEXIS 6894, at *63–65
(S.D.Tex. Jan. 31, 2007). Certain SOBs
appealed and we heard oral argument.
We now AFFIRM the district court's find-
ing, essentially for the reasons articulated
by the district court in its opinion below.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.