A.H.D. HOUSTON, INC. d/b/a Centerfolds; D.N.W. Houston, Inc. d/b/a Gold Cup; D. Rankin, Inc., d/b/a Trophy Club; Texas Richmond Corporation d/b/a The Men's Club; Ice Embassy, Inc., a Texas Corporation d/b/a The Colorado Bar & Grill; 9834 Jensen, Inc. d/b/a Harlem Knights n/k/a Gateway Regency, L.P. d/b/a Harlem Knights; 8503 North Freeway, Inc. d/b/a Fantasy Plaza a/k/a Fantasy Cabaret, n/k/a Verdant Ventures, L.P. d/b/a Fantasy Plaza; KQ Investments, Inc. d/b/a Amenity Cabaret n/k/a RCI, Inc. d/b/a XTC Cabaret; Trumps, Inc. d/b/a Rick's Cabaret; Atcomm Services, Inc. d/b/a Broadstreets n/k/a Trumps Inc. d/b/a Rick's Cabaret North, Appellants

v.

The CITY OF HOUSTON, Appellee.

No. 14–08–00758–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 2010.

Albert Thomas Van Huff, David A. Furlow, Nelson T. Hensley, Kevin R. Pennell, Houston, for appellants.

Dwayne R. Day, John M. Helms, Arturo Michel, Patrick Zummo, Cory Matthew Krueger, Houston, for appellee.

Panel consists of Justices YATES, SEYMORE, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

This appeal concerns an ordinance enacted in 1997 by appellee the City of Houston that strengthened existing regulations for issuing permits to operate sexually-oriented businesses ("SOBs"). Appellants are ten SOB owners who were denied, in whole or in part, their requests for additional time to recoup their investments before being subject to the ordinance. They sought judicial review of these decisions, and the trial court upheld the decisions. Appellants argue that the trial court applied an incorrect standard of review and erred in refusing to require the hearing officers who denied their requests to make fact findings. They also contend that the conduct of the hearing officers violated their rights to due process and due course of law and the proceedings were violative of the separation of powers clause in the Texas Constitution. We affirm.

## BACKGROUND

In 1997, the City of Houston enacted Ordinance 97–75. This ordinance amended existing ordinances regulating SOBs, including those regulating where SOBs could be located. Appellants held valid permits to operate SOBs, but under the new ordinance, appellants could no longer operate in their current locations. To give business owners affected by the new ordinance time to recoup their investments and adjust to the new regulations, the ordinance did not go into effect for 180 days. Furthermore, the ordinance contains a procedure known as amortization whereby an affected business owner could apply for additional time to operate under the existing regulations by proving it needed that time to recoup his investment. Each appellant applied for additional time and, at a hearing, provided evidence to a hearing officer to justify its request. The hearing officers denied appellants' requests, either in whole or in part. The ordinance provides that anyone aggrieved by such a decision can seek judicial review immediately following the decision.

Meanwhile, many SOB owners, including all appellants, brought a federal lawsuit challenging the constitutionality of the ordinance under many different theories. *See N.W. Enters., Inc. v. City of Houston,* 27 F.Supp.2d 754 (S.D.Tex.1998), *rev'd in part,* 352 F.3d 162 (5th Cir.2003). After a decade of litigation, including two trips to the Fifth Circuit, the constitutionality of nearly every part of the ordinance was

upheld.[1] The federal district court entered judgment on January 31, 2007. The business owners filed several post-judgment motions, including a motion to amend or make additional findings and to alter or amend the judgment. The federal district court denied these motions on March 29, 2007.

The City and the SOB owners agreed that amortization hearings would continue during the pendency of the federal constitutional litigation but that any judicial review of those decisions would be stayed until entry of a final judgment. After the federal district judge denied the post-judgment motions, appellants filed the present judicial review suit in Texas district court.[2] The trial court affirmed the hearing officers' decisions regarding appellants' requests for additional time to recoup their investments, and this appeal followed.

## ANALYSIS

### A. *Timeliness*

Before we analyze appellants' issues, we begin with the City's cross-issue. The City argues that appellants' judicial review suit is untimely. The parties reached an agreement, which was entered as an agreed order in federal district court, that judicial review of the amortization decisions would be stayed until there was a final judgment in the federal case. The order provided that upon "entry of a final

judgment," the judicial review process would begin according to the procedures set forth in the ordinance. The ordinance provides that any judicial review is to begin "immediately" following an adverse decision and states that any decision is not enforceable for twenty days in order to give the aggrieved party an opportunity to seek judicial review.[3] Therefore, according to the City, the time frame for judicial review began on January 31, 2007, when the federal court entered the judgment. Because appellants did not seek judicial review within twenty days of this date but rather waited until twenty days after the federal court denied its post-judgment motions, the City argues that the judicial review suit is untimely. We disagree with the City's analysis.

In their agreement, the parties included a provision that the period of time for stay of judicial review ends with entry of a final judgment. Because the agreement was made in federal court, we will look to federal law regarding finality of judgments. Though the judgment entered on January 31, 2007 may have been a final judgment at the time of entry, that changed when the owners filed several post-judgment motions, including a motion to amend or make additional findings under Federal Rule of Civil Procedure 52(b) and a motion to alter or amend the judgment under Federal Rule of Civil Proce-

---

1. The district court enjoined enforcement of a portion of the ordinance. *See* 27 F.Supp.2d at 813. The Fifth Circuit reversed that determination and remanded for further proceedings. *See N.W. Enters., Inc. v. City of Houston,* 352 F.3d 162, 197 (5th Cir.2003). On remand, the district court ruled in favor of the City on January 31, 2007, and the Fifth Circuit affirmed. *See Ice Embassy, Inc. v. City of Houston,* No. 4:97–cv–00196, 2007 WL 397447 (S.D.Tex. Jan. 31, 2007), *aff'd,* 236 Fed.Appx. 118 (5th Cir.2007), *cert. denied,* 552 U.S. 1258, 128 S.Ct. 1658, 170 L.Ed.2d 356 (2008).

2. The present case is a consolidation of nine different judicial review actions filed by a total of twelve plaintiffs.

3. Although the ordinance does not specifically state when judicial review suits are due, the City argues that, based on the language and intent of the ordinance, any judicial review suit is due within twenty days of the date of decision. For purposes of this appeal, none of the appellants have disputed this theory.

dure 59(e). Such motions destroyed the finality of the judgment because the court's ruling on the motions could obviate the need for an appeal. *See Leishman v. Associated Wholesale Elec. Co.*, 318 U.S. 203, 205–06, 63 S.Ct. 543, 87 L.Ed. 714 (1943); *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir.1992); *Brown v. United Ins. Co. of Am.*, 807 F.2d 1239, 1242 (5th Cir.1987) (per curiam); *see also In re X–Cel, Inc.*, 823 F.2d 192, 193 (7th Cir.1987). However, the federal district court's denial of the post-judgment motions re-established the finality of the judgment. *See Whitaker*, 963 F.2d at 836; *Brown*, 807 F.2d at 1242; *see also Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 867 (5th Cir.2002). Accordingly, we conclude that the end of the judicial review stay began when the district court denied the post-judgment motions and therefore, appellants' judicial review suit was timely. We overrule the City's cross-issue.

### B. *Standard of Review*

■ Appellants complain that the trial court applied an improper standard in its judicial review of the hearing officers' decisions. The trial court reviewed the hearing officers' decisions for substantial evidence, which is a limited, deferential standard requiring only more than a mere scintilla of evidence to uphold the decisions. *See Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex.2000). Appellants argue that this standard is improper and that the trial court should have conducted a de novo review with a new hearing, presentation of evidence, and fact finding by the trial court. We disagree.

■ Neither the ordinance nor any other governing statute specifies the type or details of the judicial review procedure to be applied.[4] Therefore, we look to case law for guidance. Appellants cite the following case in support of their de novo judicial review theory, *City of Houston v. Lurie*, 148 Tex. 391, 224 S.W.2d 871 (1949). *Lurie* concluded that de novo review was required in that case, but it did so because the case involved a taking of property. *See id.* at 874. Appellants do not contend in this appeal that the application of the ordinance constitutes a taking. *See SDJ, Inc. v. City of Houston*, 837 F.2d 1268, 1278 (5th Cir.1988) (stating that City's SOB regulation is not a taking because it does not prevent all reasonable uses of the property); *see also N.W. Enters.*, 352 F.3d at 186. Moreover, *Lurie* specifically held that in a licensing situation, substantial evidence review was appropriate. *See* 224 S.W.2d at 874. Therefore, because this case involves a permit/licensing situation rather than a taking of property, we hold that substantial evidence is the proper standard of review. *See Webworld Mktg. Group, L.L.C. v. Thomas*, 249 S.W.3d 19, 24 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (applying substantial evidence standard of review in affirming trial court's decision upholding denial of permit to SOB); *see also City of Dallas v. Furrh*, 541 S.W.2d 271, 273 (Tex.App.-Texarkana 1976, writ ref'd n.r.e.) (noting general rule that judicial review of agency decision, "whether pursuant to a statutory or inherent right, is generally limited to a determination of whether the administrative agency's action is supported by substantial evidence"); *accord City of Dallas v. Stevens*, 310 S.W.2d 750, 755 (Tex.App.-Dallas 1958, writ ref'd n.r.e.). The trial court did not

---

4. The Government Code provides detailed procedures for judicial review of agency decisions. *See* TEX. GOV'T CODE ANN §§ 2001.171– .178 (Vernon 2008). However, these provisions are specifically limited to decisions of state agencies. *See id.* § 2001.171.

err in conducting a substantial evidence judicial review, and we overrule appellants' issues in this regard.

## C. *Fact Findings*

Appellants next complain that the trial court erred in not remanding with instructions for the hearing officers to make findings of fact explaining the basis of their decisions. The hearing officers sent a letter to each appellant containing language stating that after "carefully consider[ing]" the records, evidence, and testimony submitted, the request for an extension was denied. Appellants requested that the hearing officers provide fact findings to explain why their requests were not granted in full, but the hearing officers refused, with the City contending that there was no requirement for the hearing officers to do so.

■ On appeal, appellants argue that the hearing officers were required to make findings of fact and disclose the thought processes and motivations for their decisions. However, the ordinance does not require that level of detail. The ordinance states that an owner invoking the amortization procedures must "prove[ ] that he will be unable to recoup his investment in the business" by the effective date of the ordinance. The ordinance then requires the hearing officer to grant or deny the request, and if granting, to provide a specific date for the extension to end. A hearing officer's negative decision on this narrow issue—of whether the owner met its burden of proving inability to recoup his investments in time—constitutes an implied finding that the owner did not meet its burden of proof. Although appellants cite Texas Rule of Civil Procedure 296 in arguing that fact findings are mandatory in response to a request, the rules of civil procedure apply to district courts, and appellants cite no authority to suggest they should also apply to a municipal, non-judi-

cial officer. The same is true of the fact-finding requirement provided in Government Code section 2001.141, which applies only to state agencies. *See* TEX. GOV'T CODE ANN. §§ 2001.001, .141 (Vernon 2008).

■ Appellants maintain that detailed fact findings are a necessary prerequisite to conduct a substantial evidence review, relying on *Morgan Drive Away, Inc. v. Railroad Commission of Texas*, 498 S.W.2d 147 (Tex.1973). The court in *Morgan* discussed the value of fact findings in conducting substantial evidence judicial review of an administrative decision. *See id.* at 150. However, *Morgan* arose in the context of a statute specifically requiring that the administrative agency make "full and complete findings of fact pointing out in detail" the problems with the services and facilities at issue in that case. *Id.* There is no such provision in this ordinance. *See* Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc., 665 S.W.2d 446, 449, 450–51 (Tex.1984) (emphasizing the importance of statutory language in determining the scope of an agency's fact finding requirements). *Morgan* does not hold that detailed fact finding is required for every agency decision subject to judicial review. Appellants complain that the absence of detailed fact findings undermines their judicial review because they are forced to guess at the basis of the hearing officers' decisions. Further, they insist that without such fact findings, the trial court was forced to improperly speculate about what a reasonable hearing officer could have concluded to conduct its substantial evidence review. But the trial court did exactly what was required. If the evidence provides a basis for a reasonable administrative agency to have concluded as it did, then administrative action must be affirmed in a substantial evidence judicial review. *See City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d

179, 186 (Tex.1994) ("In conducting a substantial-evidence review, we must determine whether the evidence as a whole is such that reasonable minds could have reached the conclusion the agency must have reached in order to take the disputed action."); *accord AEP Tex. Cent. Co. v. Pub. Util. Comm'n of Tex.*, 258 S.W.3d 272, 279–80 (Tex.App.-Austin 2008, pet. filed); *Tex. Alcoholic Beverage Comm'n v. Mini, Inc.*, 832 S.W.2d 147, 150 (Tex.App.-Houston [14th Dist.] 1992, writ denied). This is consistent with appellate review of other types of fact findings, such as a jury's finding of a particular amount of damages. The jury is not required to explain why it awarded what it did, and its award will be upheld on appeal if the conclusion reached is within the range of evidence presented at trial. *See Anderson, Greenwood & Co. v. Martin*, 44 S.W.3d 200, 219 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). Though detailed fact findings are common in an agency setting and can aid litigants and trial courts in conducting judicial review, they are not inherent to the judicial review process.[5] Thus, there is no basis for concluding that the trial court erred in not requiring the hearing officers to make detailed fact findings. We overrule appellants' issues in this regard.

## D. *Substantial Evidence*

 Having determined that substantial evidence is the proper standard for judicial review and that additional fact findings were unnecessary, we must now determine whether the trial court conducted a proper substantial evidence review. The substantial evidence rule is a limited standard of review and grants significant deference to agency expertise. *R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex.1995); *Tex. Dep't of Pub. Safety v. Guajardo*, 970 S.W.2d 602, 605 (Tex.App.-Houston [14th Dist.] 1998, no pet.). "The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency." *City of El Paso*, 883 S.W.2d at 185; *see also Guajardo*, 970 S.W.2d at 605. Substantial evidence is more than a mere scintilla of evidence, but the record may actually preponderate against the agency decision and nonetheless amount to substantial evidence. *Montgomery Indep. Sch. Dist.*, 34 S.W.3d at 566; *Torch Operating Co.*, 912 S.W.2d at 792–93. The agency's findings, inferences, conclusions, and decisions are presumed to be supported by substantial evidence, and the party appealing the agency decision has the burden of proving otherwise. *City of El Paso*, 883 S.W.2d at 185. If evidence can support either affirmative or negative findings, the agency's decision must be upheld. *Charter Med.-Dallas*, 665 S.W.2d at 453; *Guajardo*, 970 S.W.2d at 605.

 Appellants all argue that the trial court improperly speculated about

5. At oral argument, appellants argued that all judicial review necessarily presupposes findings of fact and conclusions of law, citing the definition of "judicial review" in *Black's Law Dictionary*. Though the third definition is "[a] court's review of a lower court's or administrative body's factual or legal findings," the first one more generally refers to "[a] court's power to review the actions of other branches or levels of government." Black's Law Dictionary 924 (9th ed. 2009). Further, as appellants have noted in this appeal, judicial review can be de novo, and in such a case, the agency's fact findings (or lack thereof) are irrelevant because the reviewing body must conduct a new trial. *See Key W. Life Ins. Co. v. State Bd. of Ins.*, 163 Tex. 11, 350 S.W.2d 839, 842 (1961). Thus, we reject the notion that the very concept of judicial review necessarily implies detailed findings of fact to review.

what a reasonable hearing officer could have determined. However, as discussed above, looking at what a reasonable hearing officer could have concluded is entirely appropriate. *See City of El Paso,* 883 S.W.2d at 186; *AEP,* 258 S.W.3d at 279–80; *Mini, Inc.,* 832 S.W.2d at 150. Beyond this general assertion, only appellants Ice Embassy, Inc. and Texas Richmond Corporation make any specific argument to refute the trial court's explanation of how the decisions of the hearing officer, who happened to be the same for both of those appellants, were supported by substantial evidence.[6]

Ice Embassy and Texas Richmond each had the burden to prove that they needed additional time to recoup their investment before complying with the ordinance. The trial court provided several reasons for each appellant explaining why, based on the evidence presented, the hearing officer could have reasonably rejected its calculation of the amount of additional time needed. For example, both Ice Embassy and Texas Richmond asserted that they had realized "zero" return on their investment and asked for 282 years (Ice Embassy) and 106 years (Texas Richmond) to recoup their investments. The trial court stated that a reasonable hearing officer could have found that such an exaggerated request was not credible. We

agree. It is not unreasonable to determine that business owners did not invest in a business with no expectation of recovering on their investment for more than a century.[7] The rejection of Ice Embassy and Texas Richmond's conclusions that more than 100 years was necessary to recoup their investments could also naturally lead to a rejection of the evidence upon which that conclusion was based. Further, the trial court pointed out several specific problems that a reasonable hearing officer could have had with appellants' evidence. For example, each submitted a lease to show an obligation to stay in its current location and that relocation could subject it to liability for breach of contract. However, both leases were between the business owner and a related entity, and the signatures for landlord and tenant on each lease were signed by the same person. As the trial court noted, a reasonable hearing officer could have concluded that appellants were unlikely to face liability for breach of contract under these circumstances.[8] Additionally, the evidence appellants submitted showed that both had paid officers and stockholders substantial sums in prior years, including at least one payment of more than $500,000. Appellants argue that large executive salaries are common and that these executives earned this money. However, as the trial court

---

6. In their joint brief, appellants A.H.D. Houston, Inc., D.N.W. Houston, Inc., and D. Rankin, Inc. purport to challenge the trial court's explanations, but they provide no analysis in their brief. Rather, they state that "[f]or the reasons set forth in Appendix 16," they are entitled to remand. Appendix 16 is a list of objections they filed in the trial court to the City's proposed findings of fact and conclusions of law. This is insufficient. All arguments must be in the briefs; incorporating by reference arguments made in another document does not present an issue for appellate review. *See Young v. Neatherlin,* 102 S.W.3d 415, 423 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

7. Ice Embassy and Texas Richmond do not even attempt to argue that the number of years requested for recoupment was reasonable, only that it was justified by their fear of the future consequences of the ordinance.

8. Further, the day before the ordinance passed, Texas Richmond entered into a lease addendum extending its lease over twelve more years with an increase in rent, despite being aware of the ordinance well before its passage date. The hearing officer could have rationally discounted this expense as unreasonable.

stated, it would not have been unreasonable to conclude that such high payments were at least in part a return on investment rather than a salary obligation. The trial court also noted that appellants included in the calculations of amounts invested in the business items that a reasonable hearing officer could have concluded were not in fact investments, including contingent liabilities (in the form of reserves for potential future litigation) and relocation and moving expenses.

After reviewing the record, we conclude there is more than a mere scintilla of evidence to support the hearing officers' actions. We further conclude it was not unreasonable for the hearing officer to reject Ice Embassy's and Texas Richmond's calculations and to find that they had not met their burden of proving they needed time to recoup their investments. For these reasons, we overrule appellants' issues regarding whether there was substantial evidence to support the hearing officers' determinations and the trial court's application of substantial evidence judicial review.

### E. Constitutional Issues

▮ Appellants assert two constitutional arguments.[9] First, they contend that the ordinance violates the separation of powers clause of the Texas Constitution because judicial review without detailed fact finding is ineffective and because the hearing officers, who were from the police department vice squad, were usurping a judicial function. Second, they argue that the lack of detailed fact findings from the hearing officers violates their rights to due process and due course of law under the United States and Texas Constitutions[10] because they are forced to guess at the hearing officers' motivations for declining their amortization requests.

▮ The City asserts that these constitutional arguments are barred by res judicata.[11] We agree. The doctrine of res judicata bars a second action by the same parties on matters actually litigated in a prior suit as well as claims that, through the exercise of due diligence, could have been litigated. See Hallco Tex., Inc. v. McMullen County, 221 S.W.3d 50, 58 (Tex. 2006). The federal litigation involved a variety of facial constitutional challenges, including several challenges to the amortization scheme. See N.W. Enters., 27 F.Supp.2d at 765–66, 817–23. A facial con-

9. Ice Embassy and Texas Richmond also argue that a stay of enforcement to allow proper fact findings would protect their rights under the First Amendment. We need not consider this argument because we have concluded they are not entitled to a remand for fact findings.

10. See U.S. Const. amend. XIV, § 1; Tex Const art. I, § 19. Although the federal due process and Texas due course of law clauses are worded differently, there is no meaningful distinction between the two, and we apply general due process concepts to analyze both types of claims. See Univ. of Tex. Med. Ctr. at Houston v. Than, 901 S.W.2d 926, 929 (Tex. 1995).

11. Appellants argue the City has waived its res judicata defense because it was not pleaded. The City had no obligation to plead res

judicata as an affirmative defense except in response to a preceding pleading. See Berry v. Berry, 786 S.W.2d 672, 673 n. 3 (Tex.1990). Here, none of the appellants filed a pleading collaterally attacking the federal judgment. Appellants argue that one petition "pled the existence" of the federal litigation, but that was only a reference to the agreement to stay judicial review of the hearing officers' decisions and gave no indication that appellants would seek to undermine that judgment. In fact, appellants made no constitutional challenges in the judicial review litigation until it filed a motion for new trial, and res judicata need only be pleaded in response to an allegation in a pleading, not a motion. See Elliott v. Elliott, 797 S.W.2d 388, 391–92 (Tex.App.-Austin 1990, no writ).

stitutional challenge alleges that a statute is always unconstitutional in all its applications, whereas an as-applied challenge involves the constitutionality of the statute to the particular party. *See City of Corpus Christi v. Pub. Util. Comm'n of Tex.,* 51 S.W.3d 231, 240–41 (Tex.2001). Appellants recognize that all facial constitutional challenges should have been brought in the federal litigation but contend that their challenges in this suit are as-applied and therefore not barred by res judicata. We disagree. The root of each constitutional challenge lies in the very structure of the ordinance. Appellants complain about the lack of detailed fact findings, but, as discussed above, the ordinance does not require detailed fact findings. Appellants complain about executive branch hearing officers usurping a judicial function, but the ordinance specifically requires that permit applications and requests for amortization extensions be made to the police department vice squad. Because these complaints would apply equally to all businesses seeking amortization extensions and judicial review, we conclude that they are facial challenges that could and should have been brought in the federal litigation. *See SDJ,* 837 F.2d at 1271, 1278 (characterizing due process challenges to portion of SOB ordinance requiring police chief involvement as a facial challenge); *Hallco,* 221 S.W.3d at 58–61 (finding res judicata barred claim because components of claim in second suit were known and fixed at time of first suit and all claims arise from the same subject matter); *see also Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630 (Tex.1992) ("Any cause of action which arises out of [the] same facts should, if practicable, be litigated in the same lawsuit."). Thus, we conclude appellants' constitutional claims are barred by res judicata.

Even if not barred by res judicata, appellants' constitutional claims fail on the merits. The separation of powers provision of the Texas Constitution applies only to the branches of state, not local, government. *See City of Fort Worth v. Zimlich,* 29 S.W.3d 62, 72 (Tex.2000); *Bradford v. Pappillion,* 207 S.W.3d 841, 843 n. 2 (Tex. App.-Houston [14th Dist.] 2006, no pet.). Therefore, there can be no separation of powers issue as to this ordinance.

 As to their due process claims, appellants are correct that due process applies to the administrative process. *See Rector v. Tex. Alcoholic Beverage Comm'n,* 599 S.W.2d 800, 800–01 (Tex. 1980). The ultimate test of due process in an administrative hearing is the presence or absence of the rudiments of fair play. *State v. Crank,* 666 S.W.2d 91, 94 (Tex. 1984). Appellants cite no authority supporting their contention that denial of a request for fact findings, which are not even required under this ordinance, can constitute a due process violation. The cases they cite involve such things as swearing and cross-examining witnesses, which indisputably do not apply here. *See Rector,* 599 S.W.2d at 800. Appellants were given a hearing with full notice and allowed to present any evidence they saw fit. *See Coastal Habitat Alliance v. Pub. Util. Comm'n of Tex.,* 294 S.W.3d 276, 285 (Tex.App.-Austin 2009, no pet.) (noting that due process requires notice and an opportunity to be heard). Appellants have presented no evidence that the hearing officers were biased. *See SDJ,* 837 F.2d at 1278 (finding no due process violation in police chief administering SOB requirements in part because there was no evidence that the police chief could not be neutral); *see also Gilder v. Meno,* 926 S.W.2d 357, 364 (Tex.App.-Austin 1996, writ denied) (stating that due process claim failed in part because appellant presented no evidence that board members were biased). Indeed, the hearing officers

allowed some of the appellants a period of time to recoup their investments, which suggests consideration of individual circumstances rather than a rubber-stamp denial. Moreover, judicial review is available and in fact was conducted very thoroughly in this case, with the trial court reversing and remanding as to two business owners who were denied their amortization requests. *See SDJ*, 837 F.2d at 1278 (stating that SOB ordinance provided judicial review of police chief's actions and therefore did not implicate due process concerns). We find nothing fundamentally unfair about this process.

For these reasons, we overrule appellants' issues alleging separation of powers and due process violations.

## CONCLUSION

We conclude that appellants timely filed their judicial review suits and therefore overrule the City's cross-issue. The trial court correctly applied the substantial evidence standard of review and correctly found that substantial evidence supports the hearing officers' decisions, which were not required to be accompanied by detailed fact findings. Moreover, appellants' constitutional arguments are barred by res judicata and are otherwise without merit. For these reasons, we overrule all of appellants' issues and affirm the trial court's judgment.