Affirmed and Memorandum Opinion filed June 28, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00384-CV

___________________

 

D. Houston, Inc. d/b/a/ Treasures,
Appellant

 

V.

 

City of Houston, Appellee



 



 

On
Appeal from the 234th District Court

Harris County,
Texas



Trial Court Cause No. 2010-16838

 



 

 

MEMORANDUM OPINION

This appeal arises from a dispute between a sexually oriented
business (“SOB”) and the City of Houston.  D. Houston, Inc., d/b/a/ Treasures,
is one of several establishments affected by a 1997 city ordinance imposing new
distance requirements on SOBs.  Nearly fifteen years after the ordinance’s
passage, a hearing examiner appointed by the city determined Treasures should
not be granted a time extension that would enable it to remain at its present
location.  The 234th District Court upheld the ruling.  Because we agree that
substantial evidence supports the trial court’s ruling, and Treasures’ due-process
rights have not been violated, we affirm.  

I

In 1997,
the City of Houston enacted Ordinance 97-75.  This ordinance amended existing
ordinances regulating SOBs, including those regulating where SOBs could be
located.  Treasures held a valid permit to operate a SOB, but under the new
ordinance Treasures could no longer operate in its current location.  To give
business owners affected by the new ordinance time to recoup their investments
and adjust to the new regulations, the ordinance did not go into effect for 180
days.  Furthermore, the ordinance contains an amortization provision, under
which an affected business owner may apply for additional time to operate under
the existing regulations by proving it needs additional time to recoup its
investment.  The ordinance provides that anyone aggrieved by a denied
amortization request may seek judicial review immediately following the
decision.  

Treasures applied for amortization
but was denied any extension beyond the standard 180 days provided by the
ordinance.  Meanwhile, SOBs, including Treasures, challenged the
constitutionality of the ordinance.  See N.W. Enters., Inc. v. City of
Houston, 27 F. Supp. 2d 754 (S.D. Tex. 1998), rev’d in part, 352
F.3d 162 (5th Cir. 2003).  Although the city had already denied Treasures’
request for amortization, the city and the SOBs agreed to stay any judicial
review of the amortization decisions until entry of a final judgment in the
federal constitutional litigation.  

After a decade of
litigation, including two trips to the Fifth Circuit, the constitutionality of
nearly every part of the ordinance was upheld.[1] 
The federal district court entered judgment on January 31, 2007.  The SOBs
filed several post-judgment motions, including a motion to amend or make
additional findings and to alter or amend the judgment.  The federal district
court denied these motions on March 29, 2007.  Shortly thereafter, twelve SOBs,
including Treasures, appealed the rulings from their respective amortization
hearings.  The appeals were consolidated in the 280th District Court.  The
trial court upheld all the rulings except for Treasures’, which it remanded for
a rehearing on the grounds that it was not supported by substantial evidence.  

The other SOBs appealed
the 280th District Court’s ruling to this court, and we affirmed.  A.H.D.
Houston, Inc. v. City of Houston, 316 S.W.3d 212, 223 (Tex. App.—Houston
[14th Dist.] 2010, no pet.).  On January 15, 2010, Treasures’ amortization
request was reheard, and in a report issued on February 24, 2010, Treasures again
was denied any additional time to operate under the previous regulations.  This
time Treasures’ appeal went to the 234th District Court.  That trial court concluded
that substantial evidence supported the hearing officer’s decision and affirmed
the ruling.  Treasures then filed this appeal.  

II

            In
A.H.D. Houston, we held that the substantial-evidence standard of review
applies to appeals of rulings on amortization requests under Ordinance 97-75. 
316 S.W.3d at 217 (citing Webworld Mktg. Group, L.L.C. v. Thomas, 249
S.W.3d 19, 24 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (applying substantial-evidence
standard of review in affirming trial court’s decision upholding denial of
permit to SOB); City of Dallas v. Furrh, 541 S.W.2d 271, 273 (Tex. App.—Texarkana
1976, writ ref’d n.r.e.) (noting general rule that judicial review of agency
decision, “whether pursuant to a statutory or inherent right, is generally
limited to a determination of whether the administrative agency’s action is
supported by substantial evidence”); City of Dallas v. Stevens, 310
S.W.2d 750, 755 (Tex. App.—Dallas 1958, writ ref'd n.r.e.)).  

Under the substantial-evidence
rule, a limited standard of review, agency expertise enjoys significant
deference.  R.R. Comm’n of Tex. v. Torch Operating Co., 912 S.W.2d 790,
792 (Tex. 1995); Tex. Dep’t of Pub. Safety v. Guajardo, 970 S.W.2d 602,
605 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  “The true test is not
whether the agency reached the correct conclusion, but whether some reasonable
basis exists in the record for the action taken by the agency.”  City of El
Paso v. Pub. Util. Comm’n of Tex., 883 S.W.2d 179, 185 (Tex. 1994); see
also Guajardo, 970 S.W.2d at 605.  Substantial evidence is more than
a mere scintilla of evidence, but the record may actually preponderate against
the agency decision and nonetheless amount to substantial evidence. Montgomery
Indep. Sch. Dist. v. Davis, 34 S.W.3d 559, 566 (Tex. 2000); Torch
Operating Co., 912 S.W.2d at 792–93.  The agency’s findings, inferences,
conclusions, and decisions are presumed to be supported by substantial
evidence, and the party appealing the agency decision has the burden of proving
otherwise.  City of El Paso, 883 S.W.2d at 185.  If evidence can support
either affirmative or negative findings, the agency’s decision must be upheld.  Texas
Health Facilities Comm’n v. Charter Med.-Dallas, Inc., 665 S.W.2d 446, 453
(Tex. 1984); Guajardo, 970 S.W.2d at 605.

III

            Treasures
does not argue there was not substantial evidence to support the hearing
examiner’s ruling.  Instead, Treasures argues the ruling was arbitrary and
capricious because the hearing examiner did not consider Treasures’ existing
lease obligation, which runs through May 1, 2017.  In support of its position, Treasures
relies on two cases in which courts held that arbitrary actions of an
administrative agency amounting to a denial of due process cannot stand, even
if supported by substantial evidence.  See Charter Med.-Dallas, 665
S.W.2d at 454 (“[I]nstances may arise in which the agency’s action is supported
by substantial evidence, but is arbitrary and capricious nonetheless.”); Perkins
v. City of San Antonio, 293 S.W.3d 650, 654 n.2 (Tex. App.—San Antonio
2009, no pet.) (holding trial court is permitted to consider whether
proceedings satisfy due-process requirements in addition to reviewing whether
substantial evidence supports administrative action).  

Treasures contends the hearing examiner’s decision
denied Treasures due process “because the ordinance effectively required the
hearing [examiner] to consider Treasures’ existing lease obligation and to
allow the business to continue operating as a SOB until the expiration
thereof.”  Treasures relies on Section 8(c) of the ordinance, which outlines
the information an applicant for amortization should submit in support of its
request, including:

(1)  The amount of the owner’s investment in the existing
enterprise through the date of passage of the ordinance; 

(2)  The amount of such investment that has been or will be
realized through the effective date;

(3)  The life expectancy of the existing enterprise; and 

(4)  The existence or nonexistence of lease obligations, as
well as any contingency clauses therein permitting termination of such lease.  



Treasures does not, however,
point to any section of the ordinance suggesting that the existence of a lease
obligation compels a ruling in Treasures’ favor.  And indeed, no such provision
exists.  Section 8(c) contains a list of information relevant to a hearing
examiner’s consideration of an amortization request, but the ordinance contains
no mandate that any single piece of information is dispositive.  The city
argues “[t]he amortization procedure of Ordinance 97-75 does not give a
business owner the ability to dictate its own amortization extension by signing
an amended lease with a longer term.”  We agree.  

Our holding in A.H.D. Houston also reflects
this interpretation of Section 8(c).  In concluding a reasonable hearing
officer could have rejected the SOBs’ calculations of additional time needed to
recoup investments, we noted that some of the submitted leases “were between
the [SOB] owner and a related entity, and the signatures for landlord and
tenant on each lease were signed by the same person.”  316 S.W.3d at 220. 
Although it is not argued here that the lessor and lessee are the same person or
even related entities, it remains that under the ordinance a lease obligation
is one factor, but not necessarily a decisive factor, in ruling on an
amortization request.  

Despite Treasures’ insistence that the hearing
examiner failed to consider its lease obligation, the examiner’s report shows
the lease was admitted into evidence as “Exhibit D.”  And although the lease
obligation is not discussed in the report, the rationale for the omission is
clear from the ordinance’s plain language.  Section 8(c) provides that
amortization was intended to allow recoupment of investment incurred through
the date of passage and approval of the ordinance.  Section 8(c) further
provides that “[n]o investment that was not incurred by the date of passage and
approval of this Ordinance shall be considered.”  The city enacted Ordinance
97-75 on January 15, 1997.  At that time, Treasures was in the midst of a
five-year lease that began on June 1, 1995.  The lease was set to end on May
31, 2000, with an option to renew for an additional five years under the same
terms.  The first lease amendment, executed on April 12, 2005, reflects that
Treasures previously exercised its option to extend the original lease an
additional five years to May 31, 2005, and further provides that the parties
agreed to an additional extension until May 31, 2012.  The second lease
amendment, executed June 16, 2008, further extends the lease term to May 31,
2017.  Even assuming the hearing examiner did not consider these amendments,
his failure was no denial of due process.  Because the ordinance itself
prohibits amortization based on investments made after the ordinance became
effective, whether the hearing examiner considered the lease obligation is
irrelevant.  We overrule Treasures’ sole issue.  

* * *

For the
foregoing reasons, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Boyce, and Jamison.

 









[1] The district court
enjoined enforcement of a portion of the ordinance.  See 27 F. Supp. 2d
at 813. The Fifth Circuit reversed that determination and remanded for further
proceedings.  See N.W. Enters., Inc. v. City of Houston, 352 F.3d 162,
197 (5th Cir. 2003).  On remand, the district court ruled in favor of the city
on January 31, 2007, and the Fifth Circuit affirmed. See Ice Embassy, Inc.
v. City of Houston, No. H-97-0196, 2007 WL 397447 (S.D. Tex. Jan. 31,
2007), aff'd, 236 Fed. Appx. 118 (5th Cir. 2007), cert. denied,
552 U.S. 1258, 128 S.Ct. 1658, 170 L.Ed.2d 356 (2008).